No. 37.—ELIZABETH GRADDY, plaintiff in error, vs. ELIJAH HIGH-
TOWER, HOLMAN F. SIMMONS, WILLIAM WISE and JOHN BUTLER,
defendants in error.

In applications for new trials, a brief of the testimony, approved by the court, or agreed
   upon by the parties or their counsel, must be filed ; and such approval or agreement,
   as the case may be, must be entered upon the minutes at the term at which the judg-
   ment is rendered, and the rule for new trial is applied for.

A rule *nisi* for a new trial will not be granted in Georgia at the instance of a party,
   unless application is first made during the term at which the judgment was ren-
   dered, and unless such application appear upon the minutes of that term.

The judges may make rules for new trials returnable in vacation, in cases where the
   application has been first made in term, and recorded, and where the record shows
   that such rule is made so returnable in vacation.

When the term of the court at which the judgment was rendered has passed, and no
   application made and recorded at that term, the record in the cause having been
   finally made up, the court has no power to grant a new trial, except in some pecu-
   liar and extraordinary cases.

This was a rule for new trial, made absolute by Judge Warren, in the
Superior Court of the county of Dooly, at May Term, 1846.    In the grant-
ing of which new trial, the error complained of by the plaintiff in error was
assigned.    The circumstances of the case, the decision of the court below,
and the grounds of error alleged, are set forth in the opinion delivered by
the Supreme Court, to which the reader is referred.

E. R. BROWN, for the plaintiff in error, relied upon the following
authorities :

Prin. Dig. 432—New Trials; 61st Rule of Court; Adm. of Spann vs. Exec. of Fox,
Georgia Decisions, 2—7 ; 1 Crompton's Prac. 328; Harrison's Dig. 2 vol. 1530 ; 1
Reg. Gen. K. B., M. T., 8 Geo. 4 ; 3 C. and P. 111; C. P. E. T. ; 6 Bing. 622; 4
M. and P. 444 ; Rex vs. Gough, 2 Doug. 791 ; 2 Tidd's Prac., 3 Am. ed. 912—
13 ;   Jackson, ex dem. Colden and others, vs. Chase, 15 Johns. Rep. 354 ; Doug.
171 ; 1 Chitty's Prac. 382-3.

GEORGE M. DUDLEY, representing WARREN & SCARBOROUGH, for the
defendants in error.

*By the Court*—NISBET, Judge.

Upon the trial of this cause in the court below, a decree was had in favor
of the complainant.    At the term when the decree was rendered, a mo-
tion was made by defendant's solicitors, orally, for a rule *nisi* for a new
trial.    What was claimed by the mover of this rule as a brief of the testi-
mony in the case, was presented to the judge.    This brief was objected
to by complainant's counsel as imperfect ; indeed, a protest against its com-
pleteness was formally made by them.    There was, therefore, no brief
of testimony, either agreed upon by the parties or approved by the court.
No *supersedeas* was entered ; the judgment was entered, and execution
having issued for costs, (the recovery being for land,) was paid.    The

minutes of the cause show no action whatever touching the rule *nisi*. Indeed, it was conceded that no motion in relation thereto was entered upon the minutes. The presiding judge announced that he would take time to consider of the application for the rule; and, taking the papers with him, in vacation, and some fifteen or eighteen months after the decree in the cause was rendered, granted it. This rule being made absolute, a new trial was awarded. Upon the judgment of the court, granting the new trial, errors are assigned; and it is claimed that the court erred:

1st. Because there was no brief of the testimony approved by the court, or agreed upon by counsel, filed in the cause, at the time the rule *nisi* was moved.

2d. It is claimed that the court erred in granting a new trial without any record of the application for the rule *nisi* appearing on the minutes, without a *supersedeas* being entered in the cause, and after the entire record of it had been made up; and, farther, because the rule *nisi* for a new trial was granted in vacation—the plaintiffs in error contending that such a rule can alone be granted in term.

The law of new trials is well settled in England. After general verdict in King's Bench, the practice is to move a rule for entering judgment in the cause; upon the return of which rule, and within four days after verdict, judgment is entered. The motion for a new trial must be made within four days, exclusive, after the entry of the rule for judgment. It cannot be made after the four days, even by consent of parties.—*Tidd's Prac.* 3 *Am. ed.* 912; *Doug.* 171; 1 *Chitty's Prac.* 382-3, *a*; 5 *Durn. and East.* 436.

The practice in the Common Pleas does not vary a great deal from that in Banco Regis.—*Tidd*, 3 *Am. ed.* 912, 913.

The rule is granted upon motion, and the ground taken must be supported by the oath of the party applying for it. The granting of the rule operates as a *supersedeas*.—See *Sellon, tit. New Trials.* The *Terms*, in England, continue pretty much through the year, and both the granting and return of the rule, generally, is in term time.

Although the rule as to the right of *a party* to move for a new trial is as above stated, the court may on its own motion, in peculiar and extraordinary cases, grant a new trial, after the time thus limited has transpired. This power, however, is exercised with the utmost caution and reserve.— *Tidd*, 3 *Am. ed.* 912, 913; 2 *Strange*, 845, 995; 2 *Burrow*, 1189; *Doug.* 171; 1 *East.* 146; 11 *East.* 308.

Such being the practice in England, is it in any particular varied by our own Constitution and laws? We think that so far as that practice is applicable to the somewhat different organization of our courts, it is not affected by our legislation, and that the common law as to new trials is, to that extent, of force in Georgia.

By the Constitution of Georgia, the Superior Courts are clothed with power "to grant new trials on proper and legal grounds."—*Prin. Dig.* 909. The *legal grounds*, referred to in this clause, must be construed to mean *common law grounds*, as the common law was in force in Georgia at the adoption of the Constitution. We might, therefore, say that the Constitution itself refers the superior courts to the common law as their guide in this respect.

To carry out this grant of power, the act of the Legislature, passed

in 1799, provides, in the 55th section thereof, as follows : " The said superior courts shall have power to correct errors and grant new trials, in any cause depending in any of the said superior courts, in such manner, and under such rules and regulations as they may establish, and *according to law* and the *usage and customs of courts."—Prin. Dig.* 432. The power to establish *rules and regulations* is obviously controlled by the words *according to law and the usage and customs of courts,* and is limited to such rules and regulations as the courts may find expedient, and which are not in conflict with the law, and the usage and custom of of courts. · By this section of the act, the courts are required to grant new trials *according to law.* What law, unless the law of force at the time of its enactment, to wit, the common law of England ? And farther, according to the usage and customs of courts. What courts, unless the courts of England, acting according to the course of the common law ? The courts of Georgia, at that time, had no usages and customs contrary to the usages and customs of the courts of Great Britain, relative to new trials. Our construction of this act therefore is, that it adopts the common law in regard to new trials, and empowers the courts, in addition, to establish such rules and regulations, in relation to them, as they may find expedient, and not in conflict with the common law. It was under this latter power, no doubt, that the courts established the 61st rule of court. This rule provides that " a motion for a new trial shall not operate as a supercedeas unless an order to that effect be entered on the minutes ; and in every application for a new trial, a brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the court." In our judgment, this rule does not conflict with the common law, and is a necessary and proper rule. We are farther of opinion that, inasmuch as the power to establish rules and regulations in regard to this subject matter, is expressly given to the courts by the Legislature, it has the force of law, until repealed either by the Legislature or the courts. We hold, too, that nothing short of a brief of the testimony, approved by the court, and such approval entered on the minutes, or agreed upon by the parties or their counsel, and such agreement entered on the minutes, at the term at which the rule for a new trial is applied for, will be a compliance with the 61st rule of court. As the record does not show that a brief of the testimony was so filed, approved or agreed upon, and such approval or agreement entered on the minutes, in the cause now before this court, we are of the opinion, that there is error in the record on the first ground taken in the assignment.

Applying the common law upon this subject to our own courts, we believe that in no case can a rule *nisi.* for a new trial be granted in Georgia, at the instance of a party, unless application be made at the term at which the judgment of the court is rendered ; and that such application must appear upon the minutes of that term. We do not deny to the judges the power of making such rule returnable in vacation, in cases when the application is duly made in term, and recorded, and when the record also shows that such rule is made so returnable in vacation. We deny the right of granting the rule after the record is made up. There must be somewhere an end to litigation. If a rule for a new trial *nisi.* may be granted one day after the term, at what time in after years does the power

fail ? When shall the litigation cease. *When* may the parties be at rest, and when may their rights be considered as finally adjudicated ? The cause now under review illustrates the evil of a contrary practice. Here the decree was regularly had, and judgment entered, execution issued, and was returned satisfied for costs, and the party complainant, from aught that the record reveals, in possession of the land decreed to them. The minutes show no supersedeas, no application for a new trial. The record of the cause was made up ; and, fifteen months thereafter, the whole litigation is opened by a rule for a new trial, awarded in vacation. We hold it of the first importance that the record of a cause should exhibit not only a history of all judicial action thereon, but a continuous, a connected history. The world has a right to believe that a final judgment has concluded the action of the court, where nothing contemporary with it, to the contrary, is apparent from the record. This is a false and delusive conclusion, if the cause may be at any time opened by the judges granting a new trial. In consequence of the exercise of such a power, the records of our courts of justice afford no continuous proof of what has been done by the courts. The power we think unauthorized by the law, and its exercise irresponsible and dangerous in the extreme.

The 57th section of the act of 1799, appears at first view to be in conflict with the 55th section, before recited, and to oppose the conclusions we have drawn from the last-named section. It is one among many instances, to be found on our statute book, of careless or hasty legislation. No construction that we can give it will make it harmonize completely with the previous section. Both sections are found in the same act. It is, according to approved rules of construction, necessary to give effect to both sections, if possible. We cannot believe that the legislature meant, in the 57th section, to repeal, or to render inoperative, the 55th section. The 57th section is in the following words : " In any case which has arisen since the signing of the present Constitution, or which may hereafter arise, of a verdict of a special jury being given, contrary to evidence and the principles of justice and equity, it shall and may be lawful for the judge presiding, to grant a new trial before another special jury, *in the manner prescribed by this act.* Provided, that twenty days' notice be given, by the party applying for such new trial, to the adverse party of his intention, and the grounds of his application." The remainder of the section is not material to this inquiry. The provisions of the section are limited to new trials on the verdict of special juries, and seem to be limited to new trials, growing out of the finding of the jury on the evidence adduced to them. It does not in its terms relate to new trials, which may be claimed upon alleged errors in the administration of the law. In such cases, it would seem by the proviso, that a party would be entitled to apply at *any time* for a new trial, upon giving twenty days' notice to the adverse party of his intention, and the grounds of his application. This inference can be drawn alone from the proviso ; it cannot be drawn from the previous part of the section. So far from it, that a contrary conclusion must be drawn from the previous words of the section. In the cases contemplated, it is made lawful for the judge presiding to grant a new trial " *in the manner prescribed by this act,*" that is to say, in the *manner* prescribed in the 55th section. The *manner* prescribed in the 55th section is, as we have endeavored to show, according to the common law,

and the usages and customs of the courts of England. The provisions, therefore, of the 57th section, are amenable to, and not intended to be in conflict with, the 55th section of the same act. We have seen that this last-named section, adopting the rules of the common law, regulating new trials, does not permit new trials to be awarded in vacation, except as hereinbefore explained. Neither, therefore, does the 57th section so permit them to be so awarded. The notice, under this view of the subject, which is required by the 57th section, relates to the time when the party (having at term regularly moved his rule *nisi*) shall apply for his rule absolute. That this construction of both sections of the act of 1799 is entirely satisfactory, we do not pretend : it is, however, in our judgment, the only fair construction which they will admit. We are, however, fully satisfied that the rules we now lay down are safe, and will avoid many evils which would grow out of the lax practice upon this subject, which has heretofore obtained in some of our courts. We believe there is error in the record, upon the second ground assigned also, and the judgment of the court below must therefore be reversed.