No. 36.—THOMAS G. CASEY, plaintiff in error, *vs.* L. M. WILEY
& Co. defendants.

[1.] Where an attachment issued under the Act of 1799, more than thirty days
before the *next Court* in the county in which it was levied and made return-
able, nearly twelve months after its date, *held* to be null and void, by the
express declaration of the Act.

Attachment, money rule, in Muscogee Superior Court, tried be-
fore Judge ALEXANDER, May term, 1848.

The money was brought into Court, under and by virtue of di-
vers attachments, against one Nathan Lichton, one of which at-
tachments was in favor of the plaintiff in error, and another in fa-
vor of the defendant in error, and both claiming the money.
There were other attachments claiming said money, but no con-
troversy or issue was made in respect of them.   It appeared, if
the attachment of the defendant in error, Wiley, should recover
its full amount, that the attachment in favor of the plaintiff in er-
ror, Casey, would be partially excluded.   Thereupon, the origi-
nal attachments, bonds, and other papers pertaining to the res-
pective cases of the said parties, Casey and Wiley, were submit
ted to the Court below, when it appeared that the attachment in
favor of Wiley, was not issued and made returnable in terms of,
and in accordance with the Statutes in such cases, made and pro-
vided, in this, that said attachment bore date, and was issued on
the twenty-seventh day of February, eighteen hundred and forty-
seven, and was made returnable to the next Superior Court, to
be held in and for the said county of Muscogee, on the second
Monday in February, then next, when in truth, and fact, there
was no Superior Court to be held in and for said county of Mus-
cogee, on the day to which said attachment was made returnable.
Whereupon the counsel of Casey moved to exclude the judgment
of Wiley from participation in said fund, on the ground that his
attachment was null and void, on the ground that it had not been
issued and returned in the manner prescribed by the Statute.
Which motion, the Court below overruled, deciding that the at-
tachment of Wiley was good and valid, and entitled to be paid
out of said money.

To which decision the counsel of Casey excepted, and assign-
ed for error, that the Court below directed that the attachment

in favor of Wiley was good and valid, notwithstanding said attachment was not made returnable to the next Court to be held after the expiration of thirty days after the issuing of said attachment, and was made returnable to a day on which no Court was holden, and nearly twelve months after the issuing of said attachment.

BETHUNE & PATTERSON, for plaintiff in error.

E. G. THOMAS, for defendant in error, cited:

*Hotchkiss*, 552.    *Prince*, 32, 442.    1 *Kelly*, 467.    3 *Kelly*, 141.

*By the Court.*—WARNER, J. delivering the opinion.

When an attachment issues under the attachment law of 1799, it may be levied on the estate of the debtor, and be returnable to the *next Court* to be held in and for the county, in which the debtor's estate, or property may be found, and the levying officer is required to advertise such levy at the Court-House, in said county, at least thirty days before the sitting of the Court and if any attachment shall be issued within thirty days of the *next Court*, such attachment shall be made returnable to the Court *next after the expiration of said thirty days*, and *not otherwise*; and all attachments issued, and returned in any other manner than is herein before directed, shall be, and the same are declared to be *null and void. Prince's Dig.* 31. If the attachment is taken out, more than thirty days before the *next Court*, in the county in which it is levied, it must be made returnable to *that next Court;* if within thirty days before the sitting of the next Court, then it must be made returnable to the Court *next after* the expiration of the said thirty days, and not otherwise. The right and interest of the debtor are not to be *prejudiced* by making the attachment returnable to a *distant Court.* This attachment was taken out more than thirty days before the *next Court*, but is made returnable, nearly *twelve months* after its date. To apply the facts of this case to the requirements of the Act of 1799, in regard to the issuing and return of attachments, is to decide it.

Let the judgment of the Court below be reversed.