SAMUEL C. MIDDLEBROOKS, administrator, *et al.*, plaintiffs in error, *vs.* MARY A. MIDDLEBROOKS, guardian, defendant in error.

1. Where a consent order is taken during the term at which a trial was had, to the effect that the brief of evidence and motion for a new trial may be perfected and said motion heard, at chambers, during the month of December, or previous to that time, as if in term time, and no brief of evidence or motion for a new trial is presented to the presiding judge until the 29th of the following January, he had no jurisdiction to entertain the motion, and a writ of error to his judgment overruling the same will be dismissed. (R.)

2. An explanatory note by the clerk, in the transcript of the record, by which it is sought to show that the consent order authorizing the motion for a new trial to be perfected and heard in vacation, as appeared on the minutes had been subsequently changed as to the time by which said motion was to be perfected and heard, will not be considered. (R.)

3. The minutes of the court below, as certified to by the clerk of that court, will be taken as correct. Extraneous testimony of the clerk and counsel, showing that the minutes, as they appeared, did not speak the truth, will not be considered. (R.)

4. Where the writ of error was dismissed upon the ground that the judge had no jurisdiction to entertain the motion for a new trial in vacation, at a time different from that appointed in the consent order, the case will not be reinstated, even though counsel for defendant in error make no objection thereto, and though the counsel, at whose instance the dismissal took place, would not have made the motion had he been apprised of an agreement between his associate and counsel for plaintiffs in error, extending such time. (R.)

New trial. Jurisdiction. Minutes. Practice in the Supreme Court. July Term, 1876.

When the above stated case was called, a motion to dismiss the writ of error was submitted, upon the ground that the exceptions were to the refusal to grant a motion for new trial, whilst the record disclosed that the case was tried at the October adjourned term, 1875, of Jones superior court, which was held on the first Monday in December; that during the term it was agreed that the brief of evidence and motion for a new trial might be perfected and the motion heard before Judge Hill, at Macon, during the month of December or previous to that time, and that his judgment in the case be returned to

Jones county and entered upon the minutes of said court in vacation, as if in term time; that this agreement was approved by the court and ordered to be entered upon the minutes; that Judge Hill passed the following order overruling the motion:

"AT CHAMBERS,

"MACON, GA., January 31st, 1876.

"The accompanying rule *nisi* and brief of evidence, agreed upon by counsel connected therewith, in the case now stated, was presented to me on Saturday, January 29th, 1876, for sanction and approval, and granting or refusing a new trial therein.

"Whereas, I now entertain serious doubts of my authority to act in the premises, I propose to state them and make them part of the record: (Reciting facts above stated.)

"During the entire month of December I heard nothing further in regard to said motion for new trial, and supposed it had been abandoned. Some time about the middle of January I informed Mr. Bartlett, of counsel for complainants, that I supposed the motion had been abandoned. Assuming that I have the right and authority now to make the rulings that I would have made in December, had the motion been presented during that week, and not otherwise, I approve of the brief of evidence," etc.

It was insisted that as the motion for new trial was neither made during the term, nor at the time in vacation appointed by the consent order, that the whole proceeding was *coram non judice,* and that therefore the writ of error to the judgment overruling such motion should be dismissed.

It was replied, that the record contained an explanatory note of the clerk, attached to the aforesaid consent order, as follows:

"*Explanation by clerk.*—The above agreement was made late one evening, and in pressing up the business of the court I placed it upon the minutes hurriedly. Afterwards, to-wit: next morning, during the hour for motions, the foregoing

agreement was changed, and the month of January substituted for December. And the court having adjourned during the day, the entire papers in the case were delivered to defendant's counsel (by direction of the court,) and I omitted to make the correction on the minutes.

(Signed)                    "ROLAND F. ROSS,
                    "*Clerk Superior Court, Jones Co., Ga.*"

Mr. S. D. Irvin, of counsel for plaintiffs in error, also submitted his affidavit, to the effect that on the morning after the consent order referred to in the record was taken, when the minutes were read, Mr. William A. Lofton, of counsel for defendant in error, moved to change the terms of the agreement by substituting January for December, stating that his business might compel him to be absent from Macon during the greater part of December; that the change was then agreed to and approved by the court; that deponent obtained the original order from the clerk and made the change by erasure and interlineation, and then read it as changed to the counsel, in the presence of the court; that he then handed the paper back to the clerk to make the correction on the minutes; that the clerk's note in the record shows why the change was not made.

The motion was sustained and the case dismissed, the court enunciating the principles embraced in the aboved head-notes.

Subsequently, counsel for plaintiffs in error moved to reinstate the case upon the following grounds:

1st. Because the writ of error was dismissed upon a misunderstanding of the facts and of the true record of the case.

2d. Because one of the counsel for defendant made the motion to dismiss in ignorance of the facts and of the obligation of his associate counsel to counsel for plaintiffs in error, and of the judgment of the court in relation to the motion for new trial, made in this case in the court below.

Upon this motion was the following acknowledgment of service:

"Service acknowledged of this motion, and upon instructions from counsel for defendant in error, I offer no objections

to a reinstatement of the case upon the docket. December
26th, 1876.        (Signed)        Z. D. HARRISON,
" For C. L. Bartlett."

In support of this motion was read the affidavit of Mr.
Lofton, the only material portion of which was as follows:

" The next morning after the consent order was taken, while
the minutes were being read, at my request, counsel for plaintiffs in error agreed to extend the time for filing the brief of
evidence and the motion for new trial until January, upon
the statement by me that I feared I could not be in Macon at
such time in December as the motion might come up to be
heard, there being an adjourned term of Jasper superior court
in December, which I was compelled to attend. Upon this
statement it was announced as the understanding that the
motion would be heard in January, and I supposed that the
order had been so amended and entered on the minutes.
The court approved the change, and I presume instructed the
clerk to make the minutes conform thereto. Why the change
in the minutes was not made, I do not know. When the
case came up before Judge Hill, upon hearing the motion for
a new trial, all the facts were agreed to by counsel for plaintiffs in error and myself. Upon hearing from Mr. Irvin that
a motion to dismiss would probably be made by Mr. Bartlett,
my associate, I wrote to him not to pursue such course,
stating the aforesaid facts, (he not having been present at
Jones superior court when the agreement was made.) Mr.
Bartlett replied that he did not receive my letter in time or
he would not have made the motion. The case was not
brought by me, and giving it but little attention, as I did, it
never occurred to me to state fully to Mr. Bartlett what had
taken place in Jones county."

The court refused to reinstate the case.

BLOUNT & HARDEMAN; SAMUEL D. IRVIN, for plaintiffs
in error.

C. L. BARTLETT; W. A. LOFTON, for defendant.