## Dozier *vs.* Owen *et al.*

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where, by an order of court, passed by consent of both parties, a motion for a new trial is to be heard at a given time and place, and the brief of evidence is to be filed within a specified number of days after the hearing, and at the time and place appointed, the counsel consent in presence of the judge that the motion stand over to be heard in term at an adjourned term of the court in which the trial was had, no formal order of continuance is necessary; and if the brief of evidence has been approved by the judge, the failure to file it on or before the hearing of the motion at the adjourned term (the approved brief being then actually present in court) will not be cause for dismissing the motion.
2. Under the evidence the court did not abuse its discretion in granting a first new trial.

New trial. Practice in the Superior Court. Before Judge Crawford. Harris Superior Court. October Term, 1878.

Sufficiently reported in the opinion.

C. J. Thornton ; A. A. Dozier, for plaintiff in error, on refusal to dismiss motion for new trial, cited 59 *Ga.*, 626 ; 60 *Ib.*, 124; 57 *Ib.*, 193; 8 *Ib.*, 11; 5 *Ib.*, 399; 3 *Ib.*, 217. On grant of new trial, Graham on New Trials, 362, 408; 2 Arch. Prac., 222; 11 *Ga.*, 203, 353; 13 *Ib.*, 34; 41 *Ib.*, 208, 295; 51 *Ib.*, 33.

Blandford & Garrard ; Willis & Willis, for defendants.

BLECKLEY, Justice.

1. There was no error in refusing to dismiss the motion for a new trial. By order of court, passed with the consent of both parties, the motion was to be heard at a specified time and place, and the brief of evidence was to be filed, not before the hearing, but within a given number of days afterwards. Doubtless the stipulation and order in respect to the time of filing the brief were induced by the fact that the hearing was expected to take place at a distance from the clerk's office. When the time for the hearing arrived, counsel for both parties attended, and the judge was present. The counsel consented, in the presence of the judge, that the motion stand over to be heard in term, at an approaching adjourned term of Harris superior court, that court being the one in which the trial was had, and to which the case belonged. In this new arrangement nothing was said as to filing the brief of evidence before the actual hearing, and no formal order for continuing the motion over to the adjourned term was entered. When the adjourned term of Harris superior court arrived, the motion came up to be acted upon and disposed of. The brief of evidence, though approved by the judge, had not then been filed, and no offer was made to file it, but the approved brief was present in court, accessible to court and counsel. Now it was that counsel for the respondent in the motion for a new trial moved to dismiss it, the grounds urged being that there was no order of continuance entered so as to bring the hearing over to the adjourned term, and that the brief of evidence had not been filed.

The continuance was the act of the counsel as much as that of the judge, and was not to any time in vacation but to term. Would not the hearing, unless another time in vacation had been set by express order, have gone over just in the same way by operation of law, if at the time first appointed the hearing had failed without fault of the movant, even if opposing counsel had not consented? The

term at which the trial took place had not finally ended, for an adjourned term was to be held; and what is an adjourned term but an extension of the regular term, with an interval during which there is a temporary vacation? A motion for a new trial does not lapse and become lost because it is not heard at the time set for a hearing, unless the failure can be attributed to laches on the part of the movant. It remains in court, and can be heard in its order when the court is in session. The consent of counsel to postpone action on the motion till the adjourned term negatives any imputation of laches, and as it was entered into in the presence of the judge, and did not escape his memory, he could regard it afterwards, and give effect to it. The consent simply substituted the adjourned term for the time expressed in the original order, and surely the judge could take judicial notice of a consent made in his presence and hearing, and the memory of which he retained. Under the circumstances, no formal order for a continuance was necessary to carry the hearing over to the adjourned term. With regard to the filing of the brief of evidence, the original order remained unchanged, to the extent of dispensing with filing until after the hearing. It was the mere formal act of filing that was omitted. The brief was duly approved; and was present and in use, we may be sure, when the motion was heard.

2. The grant of a first new trial is generally a mild and moderate exercise of judicial discretion. We think it so in this case. The circuit judges of Georgia are far from exhibiting an aggressive spirit towards the verdicts of juries.

Judgment affirmed.