## WALKER *vs.* BANKS *et al.*

1. A bill of exceptions which assigns error in the judgment complained of on the ground that the court had no jurisdiction to render it, will not be dismissed as excepting to a nullity.

2. The judge of the superior court cannot pass upon a motion for new trial in vacation without an order for that purpose passed in term time; and if the order designates the time and place of hearing, the power is restricted thereto, unless the hearing be continued for good cause then and there shown.

Practice in the Supreme Court.   Jurisdiction.   Practice in the Superior Court.   New trial.   Before Judge SPEER. Monroe Superior Court.   August Term, 1879.

Reported in the decision.

BERNER & TURNER, for plaintiff in error.

A. D. HAMMOND, by JNO. I. HALL, for defendants.

JACKSON, Justice.

A motion was made for a new trial of this issue of fact, which was granted, and Walker, against whom it was granted, excepted to the judgment granting the new trial, on the ground, among others, that the court had no power to grant the new trial at the time and place when and where it was done.   A motion was made to dismiss the bill of exceptions by defendant in error, on the ground, too, of want of power or jurisdiction in the court, because the grant of the new trial was a nullity, and left the motion undecided and pending; and these two questions will be passed upon by us: first, ought the bill of exceptions, or writ of error, to be dismissed? and, secondly, if not, must the judgment granting the new trial be reversed for want of jurisdiction then and there to grant it?

The facts are these:  An order was taken to hear the motion for a new trial during Butts superior court, at Jackson, at chambers;  it was not heard, no action continuing or otherwise disposing of the case was then and there taken;  but at Griffin, some time thereafter, the motion was heard, and the new trial was granted at chambers, neither plaintiff nor defendant being present.   In certifying the bill of exceptions, his Honor, Judge Speer, says that he was under the impression that an order was taken allowing him to pass on the motion at chambers generally, and that, if the record does not show such an order, he was misinformed—without, however, imputing fault to counsel on either side.

On examining the record, the following order alone appears in respect to this and other cases, after stating them :

> "It is agreed by the parties, and ordered by the court, that the above cases be heard at Jackson during the term of the superior court, in chambers, and that this order be entered on the minutes of this court.
>
> "August Term, 1879.          ALEX. M. SPEER,
>                                     *J. S. C. F. C."*

1. The bill of exception will not be dismissed. It was the duty of the movant for the new trial to press his motion at the time and place agreed upon and designated in the order, or to move for a continuance to another time and place ; and to permit him to dismiss the writ of error would be, first, to allow him to take advantage of his own negligence, and, next, to deprive the other party of the clear legal right he possessed of excepting to a judgment which was illegal because rendered without jurisdiction, and having it reversed. It is true that it is a mere nullity, but so is every judgment upholding pleas to the jurisdiction where the court has none, and the injured party can except in the former as in the latter case, and have the illegal judgment reversed, whether attacked for want of jurisdiction or for any other legal reason.

2. The judgment must be reversed. There was no court to grant it. The judge had no power to do so. Without an order for that purpose during term, he cannot hear a motion for a new trial at chambers ; and if the order in term designates the time and place, the power is restricted to that time and place, unless continued for good cause then and there shown. Code, §249.

Judgment reversed.