Dickinson *et al. vs.* Mann.

---

## DICKINSON *et al. vs.* MANN.

1. Exception being taken to the grant of a new trial and error assigned thereon, the writ of error will not be dismissed for want of proper assignment of error on rulings made by the court below, whether other grounds of exception be good or not.

2. The first grant of a new trial on the ground that the verdict is not supported by the evidence, will not be criticized closely, unless it appears that there has been an abuse of discretion by the court below.

3. Where counsel have had an opportunity on the hearing to move to dismiss a motion for new trial because not properly before the judge, but have failed so to do, this court will not review his judgment on that ground, the point being made for the first time in the bill of exceptions. 61 *Ga.*, 281.

(*a.*) Whether, in case the judge, without proper authority under order in term time or agreement, should pass upon a motion for new trial in vacation, and in the absence of counsel, they would not have the right to raise the point for the first time by bill of exceptions? *Quære.*

4. A judge who has heard a case may defer his decision without any consent of counsel; and the fact that the judge sends his decision to the clerk of the court to which the case belongs, while another judge is legally presiding therein, would not invalidate the judgment. Such proceedings would, at most, be a mere irregularity.

September 26, 1882.

JACKSON, Chief Justice.

[Dickinson *et al.* filed a bill against Mann. The trial

resulted in a verdict and decree for complainants. De-fendant made a motion for a new trial, which was granted, and complainants excepted. Various grounds of error were assigned, among them that the grant of a new trial was error; and that the motion was not ma le at the term at which the case was tried, nor was there any agreement or order sufficient to authorize a hearing in vacation. (There was an agreement and order, but it was claimed that they themselves were made after the adjournment of the term, and that they were to allow a motion to be perfected, not made.) Other grounds were, because there was no brief of evidence filed and approved during the term ; because the order granting the new trial was passed some time after the argument; and because the order granting the new trial was passed at chambers by the judge who presided in the case, while the judge of the circuit in which the case was tried, was actually hold-ing court in another county. On certifying the bill of exceptions, the presiding judge stated that he really ap-proved the brief of evidence, but by clerical mistake omitted to write out the approval and order for filing; that he ur.derstood that the papers were in proper shape ; and that it was agreed that he should decide the case at his convenience; that he heard argument, counsel for both sides being present, and that no objection was made to the regularity of the motion. A motion was made to dismiss the writ of error. The court ruled as stated in the head-notes.]