## GRICE *vs.* GRICE.

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

1. In March, 1882, during the term of court at which a case was tried, a consent order was passed, allowing the defendant until June 5 following to perfect his motion for new trial and prepare a brief of evidence, and providing that the motion might be heard and the brief of evidence be agreed on and approved on that day at Newnan, Georgia, and that if not then heard the motion might be heard in vacation at such time and place as might be agreed on and fixed by the court. Before the time fixed, counsel for respondent applied to the judge by letter, asking that the case be continued until the 7th of June, on account of the inability of counsel to be present on the 5th. The court obtained the consent of movant's counsel, and continued the case until the 7th, but passed no written order therefor·

On the 7th counsel for respondent moved to dismiss the motion because there was no written order carrying it forward to that day. The court overruled the motion, signed an order *nunc pro tunc* for the continuance, dating it June 5, and subsequently approved the brief of evidence (counsel failing to agree), on a day to which the whole case was then continued by order :

*Held*, that there was no error in overruling the motion to dismiss, and passing the order *nunc pro tunc*.

(*a.*) Under the facts stated, the entire case was carried forward to the 7th, and the brief of evidence could be approved. To hold otherwise would be to perpetrate a fraud on counsel for movant.

2. There was no abuse of discretion in granting a first new trial in this case.

November 28, 1882.

SPEER, Justice.