ARNOLD *vs.* HALL *et al.*

| 70 | 445 |
|----|-----|
| 94 | 724 |
| 94 | 800 |

| 70 | 445 |
|-----|------|
| 104 | 640 |

| 70  | 445  |
|-----|------|
| 114 | 1002 |
| 114 | 1003 |
| 114 | 1004 |

1. Where, by an order taken at the term when a case was tried, parties were allowed until the third Monday in October, 1882, (which was October 16th) to make out and file a brief of evidence, and nothing was done in the case until October the 20th, it was too late then to perfect the same; and the motion for a new trial should have been dismissed, on motion.
2. No consent of counsel will be enforced unless in writing. Where a parol consent was claimed and disputed, the court could not enforce it legally, but was bound by the rule.

April 24, 1883.

New Trial. Practice in Superior Court. Attorneys. Rules of Court. Before Judge POTTLE. Elbert Superior Court. September Term, 1882.

Arnold brought complaint for land against Mrs. Hall. Other defendants were added by amendment. Plaintiff recovered a verdict. Defendants moved for a new trial, because the verdict was contrary to law, evidence and the charge of the court. This occurred in Elbert superior court, at the September term, 1882. The judge passed an order setting the hearing of the motion in vacation on the 3d Monday in October, 1882, during the pending of Oglethorpe superior court. This order provided that, " the defendants have until the said 3d Monday in October, 1882, to make out and file a brief of testimony without prejudice." The 3d Monday in October, 1882, was the 16th of that month. No action was taken in the case at

that time, nor was anything done until Friday, October 20, when counsel for respondent in the motion moved to dismiss it, on the ground that no brief of evidence had been agreed upon, approved or filed within the time prescribed by the order of the court. Counsel for movant stated in his place that there had been a parol agreement between himself and counsel for respondent to postpone the hearing until Thursday. This was denied by counsel for respondent, but (as certified by the judge) counsel for respondent admitted that it was his understanding that the case was to be continued from day to day until Thursday. There was no written agreement. The court heard these conflicting statements, and thinking the matter of continuance immaterial, as there was no case in Oglethorpe to continue, it being an Elbert county case, as he certifies, refused to dismiss the motion, approved the brief, and granted a new trial. He certifies that the parties appeared to argue the motion on Thursday, October 19, 1882, and by consent it was passed to Friday, when it was called, and the motion to dismiss was made as above stated.

WORLEY & CARLTON, by J. H. LUMPKIN, for plaintiff in error.

PHIL. W. DAVIS; H. A. ROEBUCK, for defendants. .

JACKSON, Chief Justice.

1. The motion for a new trial should have been dismissed. The parties were allowed until the 3d Monday in October, 1882, to perfect the motion by making out and filing a brief of the testimony. The 3d Monday in October was the 16th of that month. Nothing was done until the 20th of the month. It was too late to perfect the motion. 5 *Ga.*, 333 ; 59 *Ga.*, 626 ; *Usry vs. Phillips,* 68 *Ga.*, 815 ; *McCord vs. Harden, ex'r,* 69 *Ga.*, 747 ; 65 *Ga.*, 20.

2. No consent of counsel will· be enforced unless in writing. The consent was in parol and disputed. The court could not enforce it legally, but was bound by the rule. 20 Rule Superior Court; Code, §204.

Judgment reversed.