## DICKINSON *vs.* MANN.

74 217<br/>114 1003

[Jackson, C. J., not presiding, on account of providential cause.]

1. A judge of the superior court cannot pass upon a motion for new trial in vacation, without an order for that purpose passed in term time; and if the order designates a time and place of hearing, the power is restricted thereto, unless the hearing be continued for good cause then and there shown.
2. Where a judgment is void for want of jurisdiction in the court rendering it, it may be excepted to, and this court is bound to pass upon it when so made.
(*a*.) The distinction between cases in which a motion to dismiss must be made in the court below and those in which a void judgment may be brought directly to this court, is recognized in 69 *Ga.*, 729.
(*b*.) The presence of counsel at the hearing and their acquiescence in the continuance will not be inferred, unless they appear from statements made in the record

September 16, 1884

New Trial. Practice in Superior Court. Practice in Supreme Court. Judgments. Nullities Waiver. Before Judge MERSHON. Decatur Superior Court. May Term, 1884.

Reported in the decision.

RUSSELL & HAWES, by J. H. LUMPKIN, for plaintiff in error

JOHN E. DONALDSON; O. G. GURLEY; M. O'NEAL, for defendant.

HALL, Justice.

This case was tried at the May term, 1884, of Decatur

superior court, when the jury returned a verdict for the plaintiff, and defendant moved for a new trial. This motion being made and filed, the presiding judge, on the 15th day of May, before the close of the term, passed this order:

" The defendant having made a motion for a new trial in said case, on the grounds therein stated, and said grounds having been approved by the court, and it appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is therefore considered and adjudged by the court that the said motion stand continued until the second day of June, 1884; that it be heard at chambers, and that defendant have until the 20th day of May, 1884, to make out and file brief of testimony, without prejudice."

And afterwards, on the 6th day of June, at his chambers in Brunswick, he sustained the motion and ordered the new trial, reciting in the order that the motion had been submitted to the court without argument. It does not affirmatively appear, either from the transcript or bill of exceptions, that the hearing of the motion was continued from the 2d day of June, the time appointed for the hearing, to the 6th day of the same month, when it was heard and disposed of, or that counsel were present on either day, or that they, by their acquiescence or otherwise, gave their consent to the postponement of the hearing, or in fact knew that it had been postponed. It will be observed, too, that no place was designated in the order at which the hearing was to be had. A bill of exceptions was duly tendered and certified, and among others, the plaintiff assigned as errors, that the court had no jurisdiction to pass the order awarding the new trial at the time and place it was done; and further, that it had neither jurisdiction nor power, under the law, to grant a new trial, until the brief of the evidence had been approved and filed; the brief, it appears, was approved on the 6th day of June, and subsequently filed. The order providing for the hearing out of term required it to be made out and

filed by the 20th day of May    The other assignments of error were not insisted on.

1. In *Walker vs. Banks et al.*, 65 *Ga.*, 20, it was held that the judge of the superior court could not pass upon a motion for a new trial in vacation, without an order for that purpose passed in term time; and if the order designated the time and place of hearing, the power was restricted thereto, unless the hearing be continued for good cause then and there shown. This case interprets and gives effect to section 249 of the Code, which inhibits the judges from exercising any power out of term time, except the authority be expressly granted, but allows them, by an order granted in term, to render a judgment in vacation. In rendering such judgment in vacation, in pursuance of an order granted in term, it has been frequently decided that the conditions of the order must be complied with  *Arnold vs. Hall,* 70 *Ga.*, 445, and citations.

It is insisted, however, that unless a motion was made in the lower court to dismiss the motion for a new trial upon this ground, and was there denied, that the exception cannot be considered here. We are of a different opinion, and think that, where a judgment is void for want of jurisdiction in the court rendering it, it may be excepted to in the manner adopted here, and that this court is bound to pass upon it when so made    The distinction was recognized by a *quære* put in the case of *Dickinson et al. vs. Mann*, 69 *Ga.*, 729.

It is further insisted that the presence of counsel at the hearing and their acquiescence in the continuance of the case, should be inferred, unless a contrary statement is made in the record. Just the reverse of this seems to have been the ruling of this court in *Cotton et al. vs. Slaughter et al.*, 69 *Ga.*, 735  It is there ruled that " the brief of evidence must be completed within the time allowed, or further time therefor must be expressly allowed." In dealing with such questions, we should rather conclude that what does not appear does not exist. The case is tried by the

statements in the record, and if the counsel had been present; and had acquiesced in or consented to the postponement of the hearing, a fact so essential would doubtless have been stated.

Judgment reversed.