JOHNSTON *et al. vs.* SIMMONS.

[Hall, Justice, being disqualified, Judge Marshall J. Clarke, of the Atlanta Circuit, was appointed to preside in his stead.]

Where, during the term when a case was tried, a motion for a new trial was made and an approved brief of the evidence filed, and a consent order was taken, providing that the judge before whom the case was tried should take the motion with him and pass upon it "within the next thirty days in vacation," if the judge failed to decide the motion within the time prescribed, without the movant being in any way chargeable with such failure, this would not operate to prevent a determination of the motion at a subsequent term, nor would it furnish any ground for dismissing it at the succeeding term.

(*a*.) While a motion for a new trial may be heard, determined and returned in vacation, an order to that effect must be passed in term time, and the terms of the order must be observed in any hearing which occurs under it. When a movant for a new trial fails to take an essential step in the application, within the time prescribed by an order providing that such motion and brief may be perfected in vacation, the judge has no jurisdiction to entertain it. Likewise where, by an order granted in term, a time beyond the term is fixed for the hearing of a motion for a new trial, and at such time no action is taken by the judge, he cannot afterwards hear the motion; but it has never been held that, when a motion for a new trial, in every respect complete, is pending before a judge in vacation, and he simply does not pass upon it, he cannot afterwards hear and determine it whenever the law allows him to deal with such business.

February 26, 1887.

New Trial. Practice in Superior Court. Before Judge WILLIS. Crawford Superior Court. March Term, 1886.

Reported in the decision.

GUSTIN & HALL; HARDEMAN & DAVIS, by HARRISON & PEEPLES, for plaintiffs in error.

W. S. WALLACE, for defendant.

CLARKE, Judge.

The question raised in this case is, whether a motion

therein for new trial was properly dismissed.    These are the facts:

At the September term, 1885, of Crawford superior court, a verdict was rendered in favor of the defendants in error against the plaintiffs in error.    During the same term, the plaintiffs in error filed a motion for new trial, accompanied by a brief of the evidence approved by the court, and a consent order was made, providing that Judge Sampson W. Harris, before whom said case was tried, should take the motion with him and pass upon the same "within the next thirty days in vacation."    The judge, for some reason not known, failed to decide the motion.    At the March term, 1886, of said court, the Honorable James T. Willis, judge of the Chattahoochee circuit, presiding, the defendants in error moved to dismiss said motion on the ground that Judge Harris had not determined it within the time prescribed by the order above mentioned.    Plaintiffs in error, in resisting the motion to dismiss, showed by an affidavit of Joseph H. Hall, Esq., one of their counsel, that they were in no manner chargeable with the failure of Judge Harris.    The motion to dismiss was sustained, and this judgment is assigned as error.

We think the judgment complained of was erroneous. The motion for new trial was made during the term at which the verdict was found, and was, therefore, in time.    Code, §3719.    There was filed with it a brief of the testimony in the cause, under the revision and approval of the judge (rule superior court, No. 49).    When the term closed, there was pending, therefore, in the court a motion for new trial, in which the movant had complied with every requisite of the law.    The only thing to distinguish the motion from others of like character was that it might, under a consent order granted in term, be decided by the judge in vacation within a designated period.    It seems to us that the only legal consequence of a failure by the judge to exercise the authority conferred upon him by such order, would be to leave the motion still pending.    We

cannot understand how mere inaction on his part could result to the detriment of the plaintiffs in error. We presume no one would say that they could have been injured by an omission on his part to determine the motion in term time. In that event, the judge would simply not have done that which by law he could have done. We see in the case at bar nothing more. 63 *Ga.* 541; 74 *Id.* 836.

The learned judge, whose decision is now complained of, did not for the mom nt discriminate properly between an unauthorized act of a judge in vacation in reference to a motion for a new trial, and a failure to act. It is prescribed in section 3719 of the code that "all applications for new trial, except in extraordinary cases, must be made during the term at which the trial was had, but may be heard, determined and returned in vacation."

It has been constantly held by this court that, while a motion for new trial may be "heard, determined and returned in vacation," an order to this end must be passed in term time. 1 *Ga.* 252; 4 *Id.* 157; 55 *Id.* 342, 65 *Id.* 20.

A necessary deduction from this ruling is, that the terms of the order when taken must be observed in any hearing which occurs under it. When a movant for a new trial fails to take an essential step in the application, as the making of the motion itself or the filing of the brief of evidence, within the period prescribed by an order providing that such motion and brief may be perfected in vacation, the judge has no jurisdiction to entertain the motion. 57 *Ga.* 193; 59 *Id.* 626; 66 *Id.* 277; 71 *Id.* 357.

It has likewise been decided by this court that where, by an order granted in term, a time beyond the term is fixed for a hearing of a motion for new trial, and at such time no action is taken by the judge, he cannot afterwards hear the motion. 60 *Ga.* 123, 335; 65 *Id.* 20; 72 *Id.* 204.

In no case, however, has it ever been adjudged that when a motion for new trial, in every respect complete, is pending before a judge in vacation, and he simply does

not pass upon it, he cannot afterwards hear and determine it, whenever the law allows him to deal with such business.

Judgment reversed.