## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* STRICKLAND *et al.*, by next friend.

1. Where by an order entered in term the hearing of a motion for a new trial is set for a particular day in vacation, that day, relatively to such motion, is, in legal contemplation, a continuation of the term at which the order was granted; and if the motion is not at the time thus fixed either heard on its merits or dismissed, it must, by express written order, be continued to some subsequent day, or else it will go over to the next term of the court in which it was made, unless it be in the meantime disposed of under the provisions of the Civil Code, §§ 4323, 4324.

2. Neither an unwritten agreement by counsel to postpone the hearing, nor their acquiescence in an oral announcement of a postponement made by the judge on the day above indicated, will keep the court thereafter open for further proceedings upon the motion.

3. Where on the day thus set for the hearing of a motion for a new trial there is no action with respect to the same except an oral announcement by the judge that he will take it up on some other day, and he accordingly does so and then signs a written order setting the hearing of the motion for a still later day in vacation, such order is coram non judice. If, therefore, on the day last set the judge signs an order purporting to dismiss the motion, the same is likewise void for want of jurisdiction. It follows that the judge is also on that day without jurisdiction to entertain or pass upon a motion to reinstate the motion for a new trial ; that an order then passed, purporting to overrule a motion to reinstate, is void; and, that consequently the motion for a new trial is still pending and remains in court to be disposed of as hereinbefore indicated.

4. The motion for a new trial in the present case was not set for a hearing under the above-cited sections of the code ; for there is nothing whatever in the rec-

ord to indicate that any application was made or notice given by counsel as therein prescribed, or that either court or counsel took any action thereunder. Consequently, the jurisdiction which the judge assumed and undertook to exercise was not derived from these provisions of the law.

5. The judge having no jurisdiction to pass the order setting the motion for a hearing on the day on which the order of dismissal was granted, nor jurisdiction on that day to consider the motion for new trial, it was error to order the motion dismissed. LITTLE, J., dissenting.

Argued October 9, 1901. — Decided February 7, 1902.

Motion for new trial.    Before Judge Gober.    Pickens superior court.    May 29, 1901.

*Smith, Hammond & Smith,* for plaintiff in error.
*Morris & Green* and *F. C. Tate,* contra.

SIMMONS, C. J.    It appears from the record that this case was tried at the April term, 1901, of Pickens superior court.    The jury having returned a verdict for the plaintiff, the defendant company made, during the term, a motion for a new trial.    As the brief of evidence could not be made out before the adjournment of the term, an order was taken setting down the hearing of the motion for new trial on May 20, 1901, at Ellijay in Gilmer county.    On that day counsel for the movant appeared, but the leading counsel for the respondent was absent on account of sickness.    The judge refused to hear the case on that day, but announced that he would take it up during the week.    On the following day the respondent's leading counsel appeared and moved to dismiss the motion for new trial, because the brief of evidence had not been perfected. The judge declined to dismiss the motion, but passed an order, on May 21, setting the motion down for a hearing at Blue Ridge in Fannin county, on May 27, at 10 o'clock a. m.    On that day, at 11 o'clock a. m., counsel for the respondent, in the absence of counsel for the movant, moved to dismiss the motion, on the ground that the brief of evidence had not been filed.    This motion was granted by the judge.    Thereafter on the same day movant's counsel moved to reinstate the motion, assigning various reasons therefor, which, under the view we take of the case, it is unnecessary to mention.    The judge refused to reinstate the motion, and movant's counsel filed a bill of exceptions complaining of the dismissal of the motion and of the refusal to reinstate it.    The exceptions to the dismissal of the motion are, in substance, that the court had no

jurisdiction on May 21 to pass an order setting the hearing for a later day, as the day set for the hearing of the motion had then already passed without action thereon or any order continuing the hearing or setting it for May 21 or any other day.

1. We think that the court erred in dismissing the motion for new trial. This court has in several cases held, where an order was taken in term giving the judge power and jurisdiction to hear and determine such a motion on a named day in vacation, that the order so taken was a continuation of the term of the court, relatively to that particular case, to the day named. The latest decision upon this point is that of *Herz* v. *Frank*, 104 *Ga.* 638, in which it was decided that "An order passed in term, setting the hearing of a motion for a new trial in vacation, in effect keeps the term, relatively to that particular case, open until such motion shall have been decided." This being so, it was held in that case that exceptions pendente lite could be filed to any ruling or decision made by the judge in vacation and while the motion was pending, although the statute at that time declared that such exceptions should be filed in term. This ruling was predicated upon the fact that the court was still open relatively to that particular case, and that the defendant in that case could have filed exceptions pendente lite to a decree rendered by the judge under the order taken in term giving him the power to render the decree in vacation. Under the authority of that decision and those cited therein, we hold that, relatively to the motion for new trial in the present case, Pickens superior court was in session on May 20, 1901. On that day the judge had the same power with regard to this case that he would have had in term time. Was this power confined to that particular day, or, when the judge failed to hear or to dismiss the motion on that day, did his jurisdiction continue without any order to the following day? In other words, was the judge's oral announcement of May 20, that he would hear the case on some other day during the the week, sufficient to continue the term of Pickens superior court, relatively to the motion, to the next day? Counsel for the defendants in error contended that under the Civil Code, § 5485, the oral announcement was sufficient. That section is as follows: "Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed. At the

time fixed for the hearing, the judge may finally approve the motion and brief, with all amendments thereto, and pass on the motion, with the right to either party to except as in term time; but the judge in his discretion, before or at that time, may adjourn the hearing to another date in vacation, with like power, or until the next term. Where through no fault of the movant a motion is not heard in vacation, or where a hearing is adjourned to the next term, the motion stands for hearing in term as if no order had been taken." This section is a new one and is partially codified from the cases of *Johnston* v. *Simmons*, 77 *Ga.* 298, *Chattanooga R. Co.* v. *Huggins*, 89 *Ga.* 494, and *Turner* v. *Cates*, 90 *Ga.* 745. None of these cases applies to the power of the judge to continue a case, set for a named day in vacation, by a mere oral announcement. The case of *Johnston* v. *Simmons* simply decides that if the motion is set for a hearing in vacation and nothing is done with it by the judge, it goes by operation of law back to term. In the case of *Railroad Co.* v. *Huggins* it appears that all the orders taken were in term, the court having been adjourned from day to day and the orders taken before adjournment. In *Turner* v. *Cates* the motion was set for hearing in vacation and was continued from time to time, but was not finally heard until the next term, when it was decided in term time. Lumpkin, J., in discussing the continuances, said that the judge had the power to continue the motion from time to time, but he did not say that this could be done orally. Whether the continuances were made by a written order or orally does not appear from the case as reported, but it does appear that the motion was not heard or decided in vacation at all but in term. We think that the provision in the code section that the judge " may adjourn the hearing to another date in vacation" must be taken as meaning that the judge may so adjourn the hearing in a legal and proper manner. If, before, the judge could not so adjourn the hearing except by written order, this is not changed or modified by the code section, which purports to codify what the decisions of this court had already declared to be the law. The superior court is a court of record, and its minutes must show the history of a case at least from the time of trial until final judgment. See *Graddy* v. *Hightower*, 1 *Ga.* 254. The record thus made imports verity, and its recitals are recognized by this court as true although the judge may certify to the contrary. In every case tried in a court of record, the minutes must show that at the

end of the day on which the trial was commenced the court adjourned to the next or some other day when the trial was continued. This entry is made by the clerk; but when the minutes are signed by the judge, the entry of adjournment becomes his order. *Allen* v. *State,* 74 *Ga.* 769, 773. No court of record should ever adjourn for even a day without an order of adjournment appearing on its minutes. When an order is taken in term, authorizing the judge to hear and determine a motion for new trial in vacation, it has been the universal practice, so far as we know or have observed from reading the records brought to this court, to take written orders when the case is not heard on the day designated and it is desired to have the case heard on some other day in vacation. In the case of *Grice* v. *Grice,* 69 *Ga.* 760, it appeared that an order was taken in term to hear a motion for new trial in vacation. The order gave the movant until the 5th day of June to perfect his motion and prepare the brief of evidence. Before the time fixed in the order, respondent's counsel requested the judge to postpone the hearing until June 7. " The court obtained the consent of movant's counsel, and continued the case until the 7th, but passed no written order therefor." On the 7th, counsel for the respondent moved to dismiss the motion, because there was no written order carrying the hearing forward to that day ; whereupon the judge passed an order for the continuance, dating the order June 5, and refused to dismiss the motion for new trial. This court held that there was no error in refusing to dismiss the case or in passing the order nunc pro tunc ; that such order carried the case forward to the 7th ; and that under the order the judge had the right to approve the brief of evidence on the 7th. The case seems to decide that an adjournment or continuance from one day in vacation to another must be made by express written order. The implication from the opinion is that if the nunc-pro-tunc order had not been passed the motion for new trial should have been dismissed. In the case of *Arnold* v. *Hall,* 70 *Ga.* 445, a motion for new trial was made in the superior court of Elbert county, and, by an order taken in term, was set for hearing on October 16, in Oglethorpe county. On that day nothing was done with the motion. On October 20 it was called by the judge, when a motion was made to dismiss it. Counsel for the movant contended that there was a parol agreement between him and counsel for the respondent to postpone the hearing until the

19th. · Counsel for the respondent admitted that it was the understanding that the case should be continued from day to day until Thursday, the 19th. It further appeared that on the 19th the judge continued the case to the 20th, when he overruled the motion to dismiss, approved the brief of evidence, and granted a new trial.. This court held, in effect, that the court below had no jurisdiction, after the 16th, to hear and determine the motion. In the case of *Herz* v. *Frank*, supra, this court, in discussing *Arnold* v. *Hall*, said that in the latter case the motion for new trial had been dismissed because there was no written order for a continuance.

The conclusion to be drawn from these cases, and others which might be cited, is that when a written order is taken in term to hear a motion for new trial upon a named day in vacation, the motion must be heard or dismissed, or continued by written order to some other particular day; or else the term, as to that case, is lost, and the motion by operation of law goes over to the next regular term of the court in which it was made, unless it be in the meantime disposed of under the provisions of the Civil Code, §§ 4323, 4324. See generally, on this subject, *Walker* v. *Banks*, 65 *Ga.* 20; *Dickinson* v. *Mann*, 74 *Ga.* 217; *Tison* v. *Myrick*, 60 *Ga.* 123; *Middlebrooks* v. *Middlebrooks*, 57 *Ga.* 193; *Johnston* v. *Simmons*, supra.

2, 3. Having shown that a written order must be passed in order to continue a motion set for a hearing in vacation to another day in vacation, and that unless such an order is passed the term of the court for that case is lost, it follows logically that an oral announcement by the judge that he will take the case up on another day in vacation and the apparent acquiescence in this announcement by counsel will not operate to so continue the case as to give the judge jurisdiction to pass written orders or otherwise deal with the case in vacation after the day fixed for the hearing. If it required a written order to keep the court in session for the case, no acquiescence of counsel could give the court jurisdiction next day, or next month, to pass an order fixing still another day for the hearing. After the day set for the hearing had passed without a proper order for a continuance, the court lost its jurisdiction, and any order passed in the case in vacation after that day was nugatory and of no binding effect. The judge was without jurisdiction, and any order or judgment subsequently passed by him in vacation was

worth no more than if it had been passed by a member of the bar of the court or by one of the grand jury. In *Arnold* v. *Hall*, supra, the judge who passed upon the motion found from the statement of counsel that they had agreed that the case should be continued from day to day until a certain day, on which it was agreed to continue the case to the next day, when the judge heard and determined the motion. Nevertheless this court held that the judge had no jurisdiction, even with the agreement of counsel, to hear the case. In the case of *Johnston* v. *Simmons*, supra, it was held, in effect, that if no action is taken by the judge on the day in vacation fixed for the hearing, he can not afterwards hear the motion in vacation. The motion goes over to the next term of the court in which it was made.

4. The record discloses clearly that jurisdiction was not taken to hear this motion for new trial under the Civil Code, §§ 4323, 4324.

5. Having shown that the judge had no power to hear and determine the motion after the day set in the original order, and that his order dismissing the motion was made at a time when he had no jurisdiction of the case, we are of opinion that his judgment dismissing the motion must be reversed. Where a judgment has been rendered by a court having no jurisdiction and the case is brought here upon writ of error, the judgment below will be reversed. *State* v. *Sallade*, 111 *Ga.* 703. Of course, under the above views, the court was without jurisdiction in vacation to entertain a motion to reinstate the motion for new trial.

*Judgment reversed. All the Justices concurring, except*

LITTLE, J., dissenting. I dissent altogether from the conclusions reached by a majority of the court in this case. I am aware that frequently it has been said, when a motion for new trial is set to be heard in vacation, the effect of such order is, as to that motion, that the term of the court in which the motion is pending is continued. But the ruling in this case is to the effect that a term of Pickens superior court could be held in Gilmer county ; for the majority of the court have concluded that as it takes a written order to adjourn a term of the superior court, then, Pickens court being in session so far as this motion for a new trial was concerned, the postponement of the hearing by the judge was illegal unless made by a written order. I know of no law which now requires or ever has required a postponement of the hearing of a motion for a new trial to be

made by a written order or else the postponement failed. As a matter of law this whole question is governed by the Civil Code, § 5485. It is not at all contemplated by this section that the hearing of the motion is to be during the term. On the contrary, it is provided that where an order is taken to hear the motion in vacation, the judge in his discretion, before or at the time set for the hearing, may adjourn such hearing to another date in vacation with like power, or he may adjourn it until the next term. That was done in this case. By an order this case was set to be heard in vacation, and I am at a loss to understand how that under such an order it is solemnly held that the hearing was not to be had in vacation, but as to this motion the regular term of the court in which the case was tried was in session, and that in a different county. Certainly as a matter of prudence, and for the purpose of avoiding misunderstandings, all orders in relation to the continuance of motions for new trials should be made in writing; but there is no law which requires that they shall be. These orders do not, like orders during term, go upon the minutes. They can serve but one purpose, that is, inform all parties concerned; and in my judgment the judge before whom the motion for a new trial is pending in vacation may by oral announcement set the hearing of the motion until another day, or continue it until the next term of the court in which it is pending. It is my opinion that the judge had full jurisdiction, not only to continue the case as he did, but also to hear it at the time appointed, and that the motion did not go over until the next term, but that the writ of error in this case ought to be disposed of on its merits under the facts stated by the judge who disposed of the motion.