## LOTT et al. v. WOOD & BROTHER.

A judge of the superior court can not take a case out of term and set it for hearing and determination in vacation by mere oral announcement made in term; an order of court is necessary to give the judge jurisdiction to hear and determine a term proceeding in vacation, except in the instances provided by the code. The power conferred on the judge by the Civil Code (1910), §§ 4852, 4853, to hear and determine in vacation, as well as in term, motions, certioraries, and all matters which are not referred to a jury, is exercisable only in cases where ten days written notice has been served by the movant for a vacation hearing on the opposite party or his counsel. Without such notice, or order passed in term time, and in the absence of any waiver or estoppel, a vacation hearing is coram non judice, and the judgment rendered thereat is void, and may be attacked by affidavit of illegality filed to the levy of an execution based on such judgment.

FEBRUARY 22, 1911.

Illegality of execution. Before Judge Parker. Coffee superior court. March 24, 1910.

*Quincey & McDonald* and *Levi O'Steen,* for plaintiffs in error.
*Benjamin T. Allen,* contra.

EVANS, P. J. A fi. fa. issued out of the superior court of Coffee county, and was levied upon the property of the defendants. To the levy of this fi. fa. the defendants filed an affidavit of illegality, which was accepted by the sheriff and returned to the superior court for trial and disposition. The grounds of the illegality were, that the execution was based upon a final judgment rendered in a certiorari case, which judgment was signed in vacation, without any order of court having been previously granted setting down the case to be heard in vacation, and without any application having been previously made by the plaintiffs for the case to be heard and determined in vacation, and without notice to the defendants that

the same would be heard in vacation; and that the defendants had no notice of the hearing and did not waive notice thereof. On the call of the illegality it was admitted that the judgment complained of in the illegality was rendered in vacation by the presiding judge at Baxley, Georgia, and without the county of Coffee. It was also recited in the bill of exceptions that the court announced in term time and in open court that the case would be taken up and determined by the judge at Baxley, Georgia, on the date when the judgment was signed, but no written order was taken in the matter. The court dismissed the illegality, and the defendants excepted.

A judge of the superior court may hear and determine in vacation cases pending in the superior court, which are not referable to a jury, in two instances. He may proceed sua sponte by order passed in term, setting such cases for hearing and determination in vacation; in which instance his power to hear and determine in vacation a case pending in the superior court comes from the term order. The case must be heard on the day fixed in the order or at such subsequent time as may be fixed by an order passed on the day named in the previous order. He can not orally postpone the hearing to a later day. If the case is not heard at the time and place pursuant to proper orders, the case passes back into term. *A., K. & N. Ry. Co.* v. *Strickland,* 114 *Ga.* 998 (41 S. E. 501). Where no term order is taken, the judge derives his power, in vacation, over a term proceeding not requiring a jury, from the statute (Civil Code (1910), §§ 4852, 4853), which confers the power where either party makes application for a hearing and gives the opposite party ten days written notice of the time and place of hearing. No order of court is necessary where this course is pursued, but written notice to the other party, if not waived, is essential to take the case out of term and allow the same to be disposed of in vacation. There was no attempt to comply with these code sections. The court upheld the validity of the judgment on the ground that it was rendered in vacation pursuant to an oral announcement made in term. It would follow that if the court could not orally continue a case from the day named in a term order to a later day, he would be without authority to take a case out of term by an oral announcement that he would hear it in vacation. Indeed the Civil Code (1910), § 4854, declares that a

judge can not exercise any power out of term time, except the authority is expressly granted, but he may, by order granted in term, render a judgment in vacation. The defendants in their affidavit of illegality set up that they had no notice of the hearing before the judge in vacation. It might produce mischievious results and frequent confusion if a court were allowed to orally set down cases for a hearing and determination in vacation. There may be many such cases assigned for trial, and confusion as to time and place may result from a misunderstanding of the oral announcement. Besides, the power of the court to act in vacation should always be made to appear. If this authority comes from a statute, then it should be made to appear that the statute has been complied with. If the judge of his own motion undertakes to carry a case out of term into vacation for a hearing and determination, it is essential that he pass an order in term.

A judgment rendered by a court at a time and place not authorized by the law is coram non judice and void. *Walker* v. *Banks,* 65 *Ga.* 20; *A., K. & N. Ry. Co.* v. *Strickland,* supra; *Johnson* v. *Heitman,* 67 *Ga.* 482; *Bozeman* v. *Singer Manufacturing Company,* 70 *Ga.* 685. A void judgment may be attacked by an affidavit of illegality. *Hart* v. *Lazaron,* 46 *Ga.* 396; *Park* v. *Callaway,* 128 *Ga.* 119 (4), 122 (57 S. E. 229). The judgment being void, the court should have sustained the illegality upon the admitted facts.

　　　　　*Judgment reversed. All the Justices concur.*