Shute *vs.* The State of Georgia.

GILES SHUTE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The vesting, by the Legislature, in County Courts, the trial of minor offences, including simple larceny, does not confer on such Courts *exclusive* jurisdiction. Under the Constitution, *concurrent* jurisdiction remains in the Superior Courts.

Larceny. Jurisdiction, etc. Tried before Judge VASON. Calhoun Superior Court, March Term, 1867.

The indictment charged plaintiff in error with the larceny of a bushel of corn, worth one dollar, the property of Dr. F. W. Cheney, on the 8th September, 1865, in said county. The plea was not guilty.

The State introduced and examined as a witness JACOB S. BAKER, who swore : Hearing the corn being broken, he looked and saw defendant breaking and pulling the corn off the stalk and putting it into his wallet—he pulled some fifteen or twenty ears. It was in Dr. Cheney's field, in said county, in the fall of 1865. Witness was then overseeing there. It was about thirty steps from the fence, and from that point defendant walked across to the opposite side of the field and got over thence to the right. Witness had frequently seen defendant going this route to feed his hogs ; he was going rather away from home. Witness did not speak

to defendant then, but followed him to the fence where he expected him. It occurred about two hours of the sun in the evening. Witness thinks from the signs of mud, etc., as much as two wagon loads of corn was taken from the field before it was gathered. Witness is neighbor to defendant and friendly with him. Defendant got out of the field at a road and took it; the road was an open road; the field is very near Morgan.

The State closed. Defendant introduced no testimony. He offered himself as a witness in his own favor, but the Court refused to allow him to testify. The jury found the defendant guilty, and he was sentenced to jail for forty days.

The record does not contain the charge of the Court, but the Bill of Exceptions states that the grounds taken in the motion for new trial are true.

The defendant moved, during the term, for a new trial, upon the grounds: 1st. Because the Court refused to allow defendant examined as a witness in his own favor.

2d. Because the Court erred in charging the jury that if the defendant took and carried away the corn, not to account to the owner in future, the same was larceny.

3d. Because the verdict is contrary to law and to the evidence. In this Court, plaintiff in error contended that the proceedings were void, because the Superior Court had not jurisdiction of misdemeanors.

LYON, DeGRAFFENREID & SHORTER, attorneys for plaintiff in error.

N. A. SMITH, *Solicitor General*, for defendant in error.

HARRIS, J.

The sole question on this record is whether, by the creation of the County Courts, an *exclusive* jurisdiction was not conferred on them for the trial of minor offences, as simple larcenies, etc., etc. A careful examination satisfies us that *exclusive* jurisdiction for the trial of such minor offences was

not conferred on the County Courts, but that by the Constitution of the State, *concurrent* jurisdiction remains in the Superior Courts.

Judgment affirmed.