ROBINSON *vs.* VEAL *et al.*.

1. Where the court struck a portion of the answer of a defendant to an application for a writ of possession, and he thereupon withdrew the balance, he debarred himself from excepting to such ruling of the court.
2. An exception which turns upon the evidence will not be considered if there is no brief of evidence before this court.

Practice in the Supreme Court.     September Term, 1879.

Veal *et al.* applied for a writ of possession against Robinson, requiring the sheriff to put them in possession of certain land which they alleged they had bought at sheriff's sale.   Robinson answered, setting up irregularities in the levy, etc., and disclaiming title in himself.   The court struck all except the disclaimer, and that was withdrawn.   The court then withdrew the case from the jury, and after hearing some evidence of plaintiffs (which is not set out in the record nor in· the bill of exceptions), ordered the. writ to issue.   Defendant excepted, and assigned error on both of these rulings.

JOHN A. WIMPY, for plaintiff in error.

W. E. SIMMONS; S. J. WINN, for defendants.

CRAWFORD, Justice.

When this case was called a motion to dismiss it was made, upon the ground that no brief of the oral nor copy of the written testimony accompanied the record or the bill of exceptions.   To this it was replied that none was needed to pass upon the errors assigned, and which would be insisted upon in the argument.

The assignments of error were upon the ruling of the court on issues formed by the respondent's answer, which were to be tried by a jury; and upon the final judgment

of the court after the case had been withdrawn from their consideration. The answer which made the issues for the jury was stricken by the court, except that part of it disclaiming title. This being done, respondent himself withdrew that portion of the answer, and thereby left nothing upon which the jury could pass. The judge then proceeded to hear testimony and to pronounce final judgment upon the movant's petition.

1. We cannot consider any errors which may have been committed whilst the case was before the jury, because after the court had stricken all the answer save one portion thereof, and the respondent then withdrew that, there was an end, by his own act, of the jury trial. Had he stood upon his legal rights under the ruling of the court, he would not have terminated the trial, nor cut himself off from a review of the errors which he claims to have been committed.

2. Neither can the assignment of error upon the final judgment in the case be heard, because the evidence upon which it was rendered is not in the record.

Writ of error dismissed.