BRANTLEY *et al. vs.* HASS.

1. A case was heard before a judge legally presiding in Terrell superior court ; a motion for new trial was made during the term, and a consent order taken setting the hearing before this judge on a day during the next session of Calhoun superior court, and allowing counsel for movant until that time to perfect the motion and brief of evidence ; the order also provided that the time for the hearing might, by order of the presiding judge, be changed to suit the convenience of the court and counsel.    At the time appointed, the judge who had presided on the trial was sick and unable to be present, and another judge presided.    Counsel for movant appeared and presented their brief of evidence ready for approval.    An order was taken before the second judge then presiding in open court, stating the facts and continuing the motion to another time.    On the same day the judge originally presiding passed a like order, at chambers, in another county :

*Held,* that the consent order set the case for hearing before the original judge at chambers, and though set during the session of another court, the judge therein presiding had no jurisdiction to pass the order continuing the case, and such order was a nullity.

(*a.*) The original judge had possession of the case, and this gave him authority to continue it and grant further time for the approval of the brief of evidence, upon proper showing or for good reason.  63 *Ga.,* 309 ;  *West et al. vs. Jones et al.* (present term.)

(*b.*) A motion for new trial does not lapse and become lost because it is not heard at the time set for a hearing, unless the failure can be attributed to *laches* on the part of the movant.    It remains in court

and can be heard in its order when the court is in session. 63 *Ga.*, 541.

2. There was no abuse of discretion in granting a first new trial in this case. 56 *Ga.*, 400; 63 *Ib.*, 54.

October 10, 1882.

CRAWFORD, Justice.