## DAYS v. ATLANTA AND CHARLOTTE AIR-LINE RAILWAY COMPANY, and *vice versa.*

Where it is sought to bring to this court the evidence introduced upon a trial, without incorporating the same in the bill of exceptions, and the bill of exceptions recites that "a brief of so much of the evidence introduced upon the trial of said cause as is material to a clear understanding of the errors complained of has been approved by the court and is of file and a part of the record," and further that the plaintiff tenders his bill of exceptions within thirty days, and specifies "the brief of evidence in said cause" as a part of the record to be transmitted to this court, the brief of evidence thus specified is that which is identified by the bill of exceptions as having been approved and filed at the time it was tendered to the judge; and where it appears that the bill of exceptions was not certified by him until after the expiration of thirty days, a brief of evidence then approved by him and ordered filed can not be recognized here as the brief of evidence specified in the bill of exceptions; and this latter brief of evidence not having been transmitted as a part of the record, and it being admitted by counsel for both sides that no such brief of evidence exists, there is before this court no evidence upon which the judgment of the lower court, granting a nonsuit, can be reviewed, and the writ of error is accordingly dismissed.

Argued June 23–24, — Decided July 14, 1897.

Motion to dismiss writ of error.

*H. H. Perry, D. S. Craig* and *C. R. Faulkner*, for plaintiff. *Glenn, Slaton & Phillips*, for defendant.

SIMMONS, C. J.    Dolly Days brought her action against the Atlanta & Charlotte Air-Line Railway Co., for damages resulting from the homicide of her husband who was alleged to have been killed on a public crossing by an engine and cars of the company.    After the introduction of the evidence of the plaintiff, the court granted a nonsuit.    To this and other rulings the plaintiff excepted, and sought to bring the case here for review.    The defendant in error moved to dismiss the writ of error of the plaintiff.

It was not attempted to incorporate in the bill of exceptions the evidence introduced upon the trial, the plaintiff in error electing, under section 5529 of the Civil Code, to "have such brief of so much of the evidence as is necessary to a clear understanding of the rulings complained of, approved by the judge, and made a part of the record and sent up by the clerk as a part thereof, rather than have the same incorporated in the bill of exceptions."  · The final adjournment of the term of court at which this case was tried was on August 15, 1896.    The bill of exceptions was tendered by the plaintiff in error September 14, 1896, and signed and certified by the judge September 21, 1896, the certificate explaining that the delay was because of his being closely occupied with business and that it was occasioned by no fault of the plaintiff in error.    The brief of evidence transmitted to this court as a part of the record was approved by the judge, and ordered filed, on September 21, 1896.    The bill of exceptions recites that "a brief of so much of the evidence introduced upon the trial of said cause as is material to a clear understanding of the errors complained of, has been approved by the court and is of file and a part of the record"; and further that the plaintiff tenders his bill of exceptions within thirty days, and specifies "the brief of evidence in said case" as a part of the record to be transmitted to this court.

The brief of evidence thus specified as a part of the record to be transmitted to this court is that brief of evidence which

is identified by the bill of exceptions as having been approved and filed at the time the latter was tendered; and this court can not recognize as the brief of evidence so specified a brief of evidence approved at the time the bill of exceptions was certified, such time being several days after the bill of exceptions was tendered and after the expiration of thirty days from the adjournment of the term. This court being unable to recognize as the brief of evidence specified in the bill of exceptions the brief of evidence sent up with the record, and counsel for both parties admitting that no other exists, there is before this court no evidence upon which the judgment of the lower court, granting a nonsuit, can be reviewed. It is therefore ordered that the writ of error be dismissed and the judgment of the court below stand affirmed. *Hardin* v. *Lovelace,* *79 Ga.* 209.

The affirmance of the judgment below not resulting in a new trial, the cross-bill of exceptions is also ordered

*Dismissed.    All the Justices concurring.*