MONROE *v.* LIPPMAN BROTHERS, and *vice versa.*

1. This case as here decided is controlled and disposed of by the ruling made
   upon the assignment of error in the cross-bill of exceptions.
2. Under the facts appearing the court erred in reinstating the motion for a new
   trial.

Submitted March 1, — Decided April 2, 1902.

Complaint. Before Judge Norwood. City court of Savannah.
August 9, 1901.

*A. H. MacDonell,* for Monroe. *Jacob Gazan,* contra.

LUMPKIN, P. J. The case of Lippman Brothers against Monroe
and another was tried in the city court of Savannah at the Febru-
ary term, 1901, thereof. A verdict in favor of the plaintiffs was
returned, and during the term the defendant Monroe made a mo-
tion for a new trial. The judge, on the 1st day of March, granted
an order requiring the plaintiffs to show cause, on March 26, why
the motion should not be granted, and providing that "the brief of
evidence upon said motion [might] be filed for approval at any time
[thereafter] on or before the final hearing of said motion." On the
5th day of April, the judge, at the request of counsel for Lippman
Brothers, "assigned the motion for new trial for a hearing on May

10, 1901, at 12 o'clock, M." On the day last named, the motion was called for a hearing; but, there being no appearance in behalf of the movant, the following order was passed: "The foregoing motion for new trial having been assigned for a final hearing on this 10th day of May, of which movant's counsel had ample notice, and it appearing that no brief of evidence has been filed or tendered as provided for in the foregoing order, it is, upon motion of counsel for the plaintiffs (Lippman Brothers), ordered that the motion for new trial be and the same is hereby dismissed. . . In open court, this May 10th, 1901." On June 22, 1901, counsel for Monroe filed a motion to reinstate the motion for a new trial. The motion to reinstate was based upon the grounds (1) that the motion for a new trial had never been assigned for a final hearing on May 10, 1901, or on any other date, "by any order of the said court"; (2) that if the motion for a new trial was assigned for a final hearing on May 10, neither the movant nor his attorney had ever been "served with a copy of said order," or received any notice that such an order had been granted; and (3) that neither movant nor his attorney had ever by any agreement, verbal or otherwise, consented that the motion for a new trial should be assigned for final hearing on the 10th day of May. The plaintiffs filed a written answer to the motion to reinstate, and the issue thus made was heard and passed upon on August 5, 1901, at which time the court passed an order granting that motion. To this Lippman Brothers filed exceptions pendente lite. Subsequently, at the same term, the motion for à new trial was heard on its merits and overruled. Thereupon Monroe sued out a bill of exceptions alleging error upon the court's refusal to grant him a new trial; and by a cross-bill of exceptions Lippman Brothers assigned error upon the judgment reinstating the motion for a new trial.

1. Since, in our opinion, the assignment of error contained in the cross-bill of exceptions is meritorious, and our decision thereon will control the case as a whole, it will be unnecessary to deal with the alleged error in refusing to grant a new trial. *Rives* v. *Rives*, 113 *Ga.* 392; *Andrews* v. *Kinsel*, 114 *Ga.* 390; *Martin* v. *Harwell*, ante, 156.

2. At the hearing of the motion to reinstate, evidence on both sides was introduced. It was in several respects decidedly conflicting; but it certainly appeared beyond dispute that the court, at

the request of counsel for Lippman Brothers, did set the motion for a new trial for a final hearing on May 10, 1901, as was recited in the order of dismissal.    It further appeared that, immediately after the motion for a new trial had been assigned for a final hearing on that date, notice of this fact was given to Mr. MacDonell, counsel for the movant.    Why he did not appear on May 10 to prosecute the motion is not disclosed by the record before us.    In view of these facts, it is clear that the 1st and 2d grounds of the motion to reinstate were entirely without merit.    Indeed, they were predicated solely upon the propositions that the assignment of the motion for a new trial for a final hearing on that day was not evidenced by a written order of the court, and that counsel for the movant had never been served with a copy of any such order or received notice thereof.    The action of the judge in setting that motion for a hearing was in term time, and no written order in regard to the matter was requisite.    It was within the power of the judge to call the motion for a hearing at any time, subject, of course, to whatever rights the parties thereto might have under the rules of practice which obtained in his court.    Surely, then, when he actually set the motion for a final hearing on May 10, and counsel for the movant was duly notified of this fact, it was the duty of counsel to appear on or before that date and urge any objection he might have to such assignment, or, if he chose to acquiesce therein, to duly appear on that day and give attention to the prosecution of his motion.    He did neither.    There is, so far as the record discloses, nothing in any of the rules of practice prevailing in the city court of Savannah affording counsel for the movant any excuse for not pursuing the course just indicated.    One of these rules, and that upon which he mainly relies, reads as follows:    " Before the commencement of the term, or on the first day of the term before the 'call of the docket, or during the term, parties who agree upon a day certain for trial may assign the case for such day during the term, and this assignment will be respected by the court in making subsequent assignments."    This rule shows on its face that it was intended to apply exclusively to the assignment of cases standing for trial, and not to motions for new trials; and this is the more apparent in view of another rule of the court, having special reference to such motions, which provides that: " The motion docket will be called by the court during each term of the court on cer-

tain days, to be previously fixed by the judge." But even if, under ⸲ the existing rules, the motion for a new trial in this case was improperly set down for a final hearing on May 10th, this fact, as shown above, was certainly known to counsel for the movant at least a month before that date, and this being so, it requires no argument to show that he ought to have made some ·objection to the assignment, and, having failed to do so, should be treated as having acquiesced therein.. From what is said above it will be also apparent that the 3d ground of the motion to reinstate was not good. In view of the facts recited, it made·not a particle of difference whether movant or his attorney did or did not, prior to the action of the court in assigning the motion for a new trial for a final hearing on May 10th, directly assent thereto. We accordingly rule that the court erred in reinstating the motion for a new trial; and the correction of the error thus committed will make a final disposition of this case.

*Judgment on cross-bill of exceptions reversed; writ of error on main bill of exceptions dismissed. All the Justices concurring, except Little and Lewis, JJ., absent.*