## CARROLL & LONG *v.* TUMLIN & COMPANY.

Where no provision is made, by an order duly entered in term, for the hearing of a motion for a new trial in vacation, it can not, save in the manner pointed out in the Civil Code, § 4324, be brought to a hearing and disposed of prior to the next ensuing term of court.

Argued November 18, — Decided December 11, 1902.

Motion for a new trial. Before Judge Hodnett. City court of Carrollton. June 25, 1902.

*S. Holderness,* for plaintiffs.
*W. F. Brown* and *Oscar Reese,* for defendants.

FISH, J. At the September term, 1901, of the city court of Carrollton, this case was tried and resulted in a verdict for the plaintiffs. The bill of exceptions contains the following recitals: " During the same term of said court, the defendants made a motion for a new trial, which was ordered to be heard on the 5th of

Oct., 1901; and on the 5th day of Oct., 1901, the court passed an order continuing said hearing until the 10th of Oct., 1901; and on the same date . . passed an order continuing the same until the 31st of Oct., 1901," on which day the hearing was continued "until the next regular term of the city court of Carrollton, which was Dec., 1901. Said motion was not disposed of at the Dec. term, 1901, of said court, nor was any written order taken continuing said motion until any fixed day; and on the 25th day of June, 1902, the court called the case up, not in pursuance of any written order filed in the case," heard the motion on its merits, and passed an order directing that a new trial be had. Some days prior to the 25th of June, which was in vacation, counsel for the plaintiffs in error was notified by the judge that "he would dispose of the case on" that day, but counsel made no appearance in resistance to the granting of the motion. It further appears that on the date last mentioned, and before taking final action on the motion, his honor passed an order of which the following is a copy: "Various continuances of the motion in the above-stated case having been had on account of the stenographer's not having extended his notes, some of which continuances were at the time granted by written orders of the court, and others by oral orders, until the present time, when the same was to be finally disposed of: it is, therefore, hereby ordered that said oral continuances be entered nunc pro tunc, with all of the rights of the movant preserved which they had under any previous order of the court as to the filing and having approved a brief of the evidence in said case." Complaint is made in the bill of exceptions that the passing of this order was erroneous "because no written order had been passed continuing said case or fixing the date of the hearing of said motion since the order fixing the hearing at the December term of the city court of Carrollton, 1901," and therefore his honor "acted beyond the scope of his powers as judge of said court in passing such an order," inasmuch as he had exceeded his authority when undertaking, by "making parol continuance," to postpone the hearing of the motion and fix a date for the final disposition thereof on its merits. Exception was also taken to the order granting a new trial.

In the case of *Atlanta Ry. Co.* v. *Strickland,* 114 *Ga.* 998, this court held, in effect, that while it was within the power of a trial judge, "by an order entered in term," to fix a day in vacation

for the hearing of a motion for a new trial, yet "if the motion is not at the time thus fixed either heard on its merits or dismissed, it must, by express written order, be continued to some subsequent day, or else it will go over to the next term of the court in which it was made, unless it be in the meantime disposed of under the provisions of the Civil Code, §§ 4323, 4324." In the case now before us, no attempt appears to have been made to dispose of the motion in vacation agreeably to the provisions of the sections of the code just referred to. Nor was there, "by an order entered in term," any time set for a hearing in vacation after the expiration of the December term, 1901, of the city court. This being so, his honor had no power, of his own motion, to provide for a hearing on the 25th of June thereafter, or on any other day in vacation, and the action taken by him on that date is properly to be regarded as a mere nullity. This case differs very widely from that of *Monroe* v. *Lippman*, 115 *Ga*. 165, wherein it was held that a trial judge may, during term time, set a date, also in term, for the hearing of a motion for a new trial, and that "no written order in regard to the matter [is] requisite." Where, during term time, no provision is made for the hearing of such motion in vacation, the only way in which a hearing can be had thereon is by following the method pointed out in the Civil Code, § 4324, which provides for the filing of an application by one of the parties to have the motion set for a hearing, and the giving of "at least ten days notice in writing" to the opposite party of the time and place of the hearing.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*