*W. E. Wooten, solicitor-general,* contra.


## 2764.  MAULDIN *v.* THE STATE.

There was no error, under the facts recited in the opinion, in the order dismissing the motion for a new trial, nor in refusing thereafter to reinstate the motion.

DECIDED SEPTEMBER 6, 1910.

Indictment for assault with intent to murder; from Irwin superior court—Judge Whipple.    August 3, 1910.

*H. J. Quincey, John R. Cooper,* for plaintiff in error.

*W. F. George, solicitor-general,* contra.

HILL, C. J. The only question involved in this case is made by the assignment of error that the trial judge erred in dismissing the motion for a new trial and refusing to reinstate it. The facts are as follows: A motion for a new trial was made during the term of the trial, and by an order then passed the hearing of the motion was set for a day in vacation, and it was provided therein that the movant should have until the hearing to prepare and present for approval a brief of the evidence. On the day designated the hearing of the motion was postponed until a subsequent date in vacation, and on this latter date it was postponed until a still later date in vacation. On this last date neither the movant nor his counsel appeared, and no brief of the evidence was presented or filed in the office of the clerk. The court thereupon passed an order dismissing the motion for a new trial, and this order was entered on the minutes of the court. A few days subsequently the movant's counsel appeared and requested the court to reinstate the motion; and this the court consented to do, provided the movant would prepare a brief of the evidence and submit the same to the court for its inspection and approval on a day fixed. The movant's counsel appeared on the day fixed, but had not prepared a brief of the evidence, and he then expressly assented to an order dismissing the motion, and stated to the court that he would not further press the motion. During the March adjourned term, 1910, the movant's counsel presented to the court a brief of the evidence in the case and asked that the motion be reinstated. Several terms of the court intervened between the filing of the motion for new trial and the presentation of the brief of evidence for the approval of the court and the motion to reinstate, and no reason was shown for laches of the movant's counsel. The court refused to reinstate the motion.

Under these facts the judgment dismissing the motion for new trial was not error, and the refusal to reinstate the motion was not an abuse of discretion. Penal Code of 1895, § 1063; *Dozier* v. *Owen,* 63 *Ga.* 539; *Brantley* v. *Hass,* 69 *Ga.* 748; *Howard* v. *State,* 115 *Ga.* 245 (41 S. E. 654).                    *Judgment affirmed.*