## THOMPSON *et al.* v. SIMMONS & COMPANY.

1. Where it appears from the bill of exceptions that the judgment excepted to is the refusal to grant a motion for new trial, the bill of exceptions will not be dismissed because of the omission to specify the brief of evidence as a part of the record; but if the omitted record is necessary to the proper adjudication of the case, this court of its own motion will cause a certified copy of it to be transmitted to the clerk of the Supreme Court.

2. Where in the caption of a bill of exceptions the case is stated as W. E. Thompson et al. *v.* H. H. Simmons and Company, a firm composed of H. H. Simmons and H. F. Myers, and it is recited therein "that at the June term, 1912, of the superior court of Chatham county, Georgia, to wit, on August 3rd, 1912, before his honor, Walter G. Charlton, judge presiding, there came on to be heard the above-stated case, the same being petition for injunction," etc., a motion to amend the bill of exceptions from the record, by supplying the names of all the plaintiffs named in the petition, will be allowed, and upon the allowance of the amendment a motion to dismiss on the ground that the bill of exceptions does not state all of the parties to the cause will be denied. *Crossley* v. *Leslie,* 130 *Ga.* 782.

3. A bill of exceptions will not be dismissed because in the assignment of error it is stated that "the defendant excepted and now excepts," etc., where from the whole bill of exceptions it is apparent that the word "defendant" was inadvertently used for "plaintiffs."

4. The other grounds of the motion to dismiss the writ of error are without merit.

5. It is no defense to a proceeding brought under the Civil Code, §§ 5335-7, to abate and enjoin a "blind tiger" as a nuisance, that the sale of spirituous, malt, or intoxicating liquor was in open violation of law.

MAY 13, 1913. REHEARING DENIED MAY 27, 1913.

Equitable petition. Before Judge Charlton. Chatham superior court. August 5, 1912.

*W. R. Hewlett, W. R. Gignilliat, G. J. Orr Jr.,* and *Seaborn Wright,* for plaintiffs.

*Osborne & Lawrence, Edmund H. Abrahams,* and *Bouhan & Herzog,* for defendants.

EVANS, P. J. Several citizens of Chatham county brought a petition under the Civil Code, §§ 5335-7, against the defendants to abate and enjoin the operation in their neighborhood of what is commonly known as a blind tiger, where spirituous, malt, or intoxicating liquors are sold. The jury returned a verdict for the defendants; and the court refused a new trial; whereupon the plaintiffs sued out a bill of exceptions.

1-4. We do not think the motion to dismiss the bill of exceptions should be sustained. The rulings made thereon are stated in the headnotes.

5. The controlling question in the case is upon the correctness of the court's instruction that a "blind tiger" is a place where spirituous, malt, or intoxicating liquors are sold in violation of law "on the sly,"—not openly sold, but sold "on the sly;" and that if the defendants sold spirituous, malt, or intoxicating liquors in their place of business, but did not sell it "on the sly," the plaintiffs would not be entitled to a verdict. The statute involved (Acts 1899, p. 73) is codified (Civil Code, §§ 5335, 5336, 5337) as follows: "Any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law, on the application of any citizen or citizens of the county where the same may be located." "If the party or parties carrying on said nuisance shall be unknown or concealed, it shall be sufficient service, in the abatement or injunction proceedings under the preceding section, to leave the writ, or other papers to be served, at the place where such liquor or liquors may be sold, and the case may proceed against 'parties unknown,' as defendants." "The court shall have authority to order the officers to break open such 'blind tiger' and arrest the inmates thereof, and seize their stock in trade, and bring them before him to be dealt with as the law directs." The statute reflects a legislative intent to extend to citizens in a county where a "blind tiger" is located an additional remedy to suppress the illegal sale of spirituous, malt, or intoxicating liquors. The scope and nature of the remedy is apparent when we consider the purpose of the statute. At the time of its passage the sale of intoxicating liquor was prohibited by law in the majority of the counties in this State, and in others was permitted only under

stringent regulation. In the "dry" counties especially this prohibitive legislation did not entirely suppress the sale of intoxicants. In some instances, for various reasons, the vendors of intoxicating liquors escaped prosecution or conviction, and yet the demoralizing effects of the illegal business were so apparent that the need of a civil remedy for the protection of the people in the vicinity of the place where intoxicating liquors were being unlawfully sold came under the notice of the legislature. The evil to be corrected was the illegal sale of intoxicating liquors; the remedy supplied by the legislature was a civil suit to abate or enjoin the sale of such liquors as a nuisance. *Legg* v. *Anderson,* 116 *Ga.* 401 (42 S. E. 720). If we look to the title of the act (Acts 1899, p. 73), which is "to declare a nuisance *any place* where spirituous, malt, or intoxicating liquors are sold in violation of law," etc., there can be no doubt of the legislative purpose that the act is applicable to any place where intoxicating liquors are unlawfully sold, irrespective of the manner of sale, whether conducted secretly or openly. Much stress is laid upon the use of the words "blind tiger," as indicating a restriction of the act to places where intoxicants are furtively sold, and the exclusion of places where intoxicating liquors are sold in open defiance of law. We do not think that the use of the term "blind tiger" in the body of the act narrows the scope of the title. The term "blind tiger" is a colloquialism, or slang expression. In some instances it is applied to the vendor of the liquor; in others it is used to describe the place of sale; and in still other instances it is employed to characterize the device of the vendor in effecting the sale. In our statute the term is used in its generic sense. If the applicability of the statute was confined to places where intoxicants were secretly sold, why the language of the statute that it applies to "any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law"? The descriptive words after the term "blind tiger" are definitive of the meaning of the slang expression. And, as said by Cobb, J., in *Legg* v. *Anderson,* supra, in discussing this statute: "A law having for its purpose the suppression of an acknowledged existing evil, which is destructive of the public peace and order as well as the welfare and happiness of individuals, should not, of all laws, be frittered away by construction." In that case the provision of the act was

held to apply, so as to enjoin the defendant from maintaining a blind tiger upon premises used by him as a livery-stable.

The trial court's construction of the statute was predicated upon certain expressions appearing in the majority opinion in *Cannon* v. *Merry*, 116 *Ga.* 291 (42 S. E. 274), as appears from his opinion overruling the motion for new trial. In that case a dispensary for the sale of intoxicating liquors was being operated under an ordinance of the town of Pelham. The mayor and council contended that the charter of the town authorized the enactment of the ordinance. Certain citizens denied the legality of this contention, and brought their action, under this statute, to enjoin the mayor and council from operating the dispensary. It is true that in the discussion of the applicability of the act to the facts in that case, the Justice delivering the opinion quoted from the Standard Dictionary a definition of a "blind tiger" as a place where intoxicating liquors are sold on the sly; yet it is apparent from the context that no precise definition of the term was intended, for he says: "Whatever a 'blind tiger' as commonly known may be, we are quite sure that the dispensary in question, which was being openly and publicly operated in the town of Pelham, in pursuance of an ordinance of the town, which those engaged in operating the dispensary evidently thought to be valid, was not such a place as is commonly known as a blind tiger." The ground of decision, as made manifest in the syllabus, is that a public dispensary, operated under color of law, by public officials in the honest belief of the legality of their action, was not subject to abatement under the blind-tiger act. This was the point decided, and the definition from the Standard Dictionary was simply used as an illustration in the course of the argument.

In view of the foregoing discussion the instruction was erroneous; and as it related to a vital point in the case, a new trial must be had. *Judgment reversed. All the Justices concur.*

---

Justice Beck was prevented by sickness from taking part in the decisions where his absence is noted in the reports of them.