7596.  PROVIDENT LIFE & ACCIDENT INSURANCE CO. *v.* TEAGUE.

HODGES, J.  This court has no jurisdiction over cases from the municipal
court of Atlanta, save such as are brought up from the appellate divi-
sion of the court upon the record upon which the case was tried before
the appellate division.  Acts 1913, p. 145.  No such record appearing
in this case, the writ of error is                          *Dismissed.*
                    DECIDED NOVEMBER 16, 1916.

Action on insurance policy; from municipal court of Atlanta.
May 20, 1916.

*Madison Bell,* for plaintiff in error.  *Moore & Branch,* contra.

---

7599.  UNION BROTHERS AND SISTERS BENEVOLENT
SOCIETY *v.* MULLINO.

The trial judge did not err in dismissing the motion for a new trial, on
account of failure to prosecute the motion.
                    DECIDED NOVEMBER 16, 1916.

Action on insurance policy; from city court of Oglethorpe—
Judge Greer.  May 13, 1916.

*Jere M. Moore,* for plaintiff in error.

*G. M. Robinson, Jule Felton,* contra.

HODGES, J.  In this case a motion for new trial was made and
the record perfected.  Counsel for the movant, at the time as-
signed for the hearing of the motion, asked for time, and no
argument was heard on the motion on that day, but, by proper
order of the court, the motion was continued to another day cer-
tain, for the purpose of allowing argument and the submission
of authorities.  Counsel for the movant was not present at the
time fixed by the order for the final determination of the motion,
and the court, on motion, passed an order reciting that there was
no appearance on the part of the movant to prosecute the motion
for a new trial, and dismissing the motion "for want of prose-
cution."  The court did not err in dismissing the motion.  "A
referee's report reciting that, on the failure of the plaintiff to
appear on the adjourned day of a hearing before him, he dismissed
the complaint 'for want of prosecution,' means that he dismissed
the case because the plaintiff did not proceed with the trial and
close his case, under the circumstances stated in his report."
Morange *v.* Meigs, 54 N. Y. 207, 209.      *Judgment affirmed.*