## 7864. BELL *v.* THE STATE.

WADE, C. J. 1. A brief of evidence is essential to the validity of a motion for a new trial (Civil Code, §§ 6889, 6306; *Moxley* v. *Georgia Ry. &c. Co.*, 122 *Ga.* 493 (50 S. E. 339)); and when no brief of evidence appears to have been filed, a bill of exceptions assigning error upon the overruling of a motion for a new trial must be dismissed. *Brooks* v. *Proctor*, 111 *Ga.* 835 (36 S. E. 99). See also *Collum* v. *Brown*, 102 *Ga.* 589 (27 S. E 789); *Whitaker* v. *State*, 138 *Ga.* 139, 140 (75 S. E. 254). Such a brief "is an indispensable statutory requisite to a valid motion for a new trial . . even though the verdict be directed by the court, and even though the motion be based on grounds which do not require a consideration of the evidence." *Georgia Railway & Electric Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54), and cases there cited.

2. When it affirmatively appears that a brief of evidence was filed with the motion for a new trial (as in the case of *Thompson* v. *Simmons*, 139 *Ga.* 845 (78 S. E. 419), where the recital is made in the bill of exceptions that "there came on to be heard in the above-stated case, the same being [a] petition for injunction, a motion for a new trial, said motion being filed within the time prescribed by law, with the evidence duly approved by the court, and the charge of the court properly certified"), "the bill of exceptions will not be dismissed because of the omission to specify the brief of evidence as a part of the record; but if the omitted record is necessary to the adjudication of the case, this court of its own motion will cause a certified copy of it to be transmitted to the clerk of the Supreme Court," or to the Court of Appeals, as the case may be. *Id.*

3. The burden is upon the plaintiff in error to make the record show that the essential requisites of a valid motion for a new trial did in fact *exist*, where the writ of error is based upon the refusal to grant such a motion. It does not affirmatively appear in this case, from any recital in the bill of exceptions, or elsewhere from the record, that a brief of evidence was filed with the motion for a new trial. The bill of exceptions recites that a motion for a new trial was made and denied, and specifies as material to a clear understanding of the error complained of "the original motion and the amended motion, with the order overruling the same, and the following short brief of the evidence in said case;" and this recital is followed in the bill of exceptions by what purports to. be a part of the evidence adduced at the trial, alleged to be material, and certain statements as to what proof was made, without any suggestion that this or any other brief of evidence *was filed with the motion for a new trial.* Without entering the realm of conjecture, this court can not determine from the record that there was ever in fact a proper brief of evidence; and therefore it can not order that the same be transmitted by the lower court to the clerk of the Court of Appeals, and the writ of error must be dismissed, as it must appear (regardless of whether or not the brief of evidence be necessary for the determination of the case) that such a brief was in fact filed.

*Writ of error dismissed.*

DECIDED NOVEMBER 22, 1916.

Conviction of misdeamonor; from Bartow superior court—Judge Fite.  August 12, 1916.

*C. C. Pittman,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.