9590.　SMITH *v.* THE STATE.

BLOODWORTH, J. No brief of evidence was filed with the motion for a new trial. The hearing of the motion was set for the 3d day of October, 1917, by an order which provided "that movant have until October 3, 1917, to prepare and present for approval a brief of the evidence in said case." On December 13, 1917, the following order was passed: "The within motion is dismissed for want of prosecution, and for the further reason that no brief of evidence has been filed as required by law." On December 21, 1917, the movant's attorney filed a motion to set aside the order dismissing the motion for new trial, "1st. Because said judgment was signed within five days of the convening of the December term, 1917, and therefore after the September term of said court had as a matter of law adjourned, and when court was not legally in session. 2d. Because no notice was given to movant or his attorney that said motion would be called up at said time and at said place or at any other time, while under the law, said motion not having been heard at the time same was set, it was the duty of the solicitor to give ten-days notice in writing to movant or his attorney, with intention to call same up." On February 11, 1918, the following order was passed: "This motion to set aside judgment being set by special order for two o'clock p. m., and it now being two thirty p. m., this petition refused and motion overruled." *Held:* Nothing in the record authorizes this court to hold that this order was erroneous. Counsel for the movant should have been present at the time fixed for the hearing of his motion. In addition to this, and even granting that the order dismissing

the motion for a new trial was passed in vacation and without notice to the movant, this could not have injured his cause, for the time fixed for filing the brief of evidence was passed. The motion for a new trial never having been perfected,· the result· was as if none had ever been made. "A motion for a new trial is not complete before the brief of evidence has been approved. Where the court in its order specifically limits the time within which the brief of evidence must be presented, and no brief is presented within that time, it is not error to dismiss this incomplete and defective motion for a new trial." *Guthrie* v. *Hendley,* 8 *Ga. App.* 101 (68 S. E. 654). See also *Bell* v. *State,* 19 *Ga. App.* 41 (90 S. E. 733); *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706); *Brooks* v. *Proctor,* 111 *Ga.* 835 (36 S. E. 99); *Verner* v. *Gann,* 144 *Ga.* 843 (88 S. E. 204); *Reed* v. *Warnock,* 146 *Ga.* 483· (91 S. E. 545).

           *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
              DECIDED OCTOBER 8, 1918.

Motion for new trial; from city court of Floyd county—Judge Nunnally. February 11, 1918.

*M. B. Eubanks,* for plaintiff· in error.

*J. F. Kelly, solicitor,* contra.

