TERRELL COUNTY *v.* CITY OF DAWSON.

ATKINSON, J. 1. The motion to dismiss, in the nature of a general demurrer to the original petition, filed in this case after the appearance term and after a judgment sustaining a general demurrer to the petition had been reversed by the Court of Appeals, was founded on matter that did not appear on the face of the petition, and was properly overruled. Civil Code, § 5629; *Southern Cotton Oil Co.* v. *Raines,* 171 *Ga.* 154 (2) (155 S. E. 484).

2. The amendments to the answer filed at the stage of the case indicated in the preceding note sought to set up new facts and defenses of which notice was not given by the original answer, and such amendments were

not accompanied, as required by the Civil Code, §§ 5640, 5681, by affidavits showing that at the time of filing the original answer the defendant did not omit the new facts or defenses for the purpose of delay and that the amendments were not now offered for delay. There was no objection to the amendments on the ground that they were not accompanied by such affidavits. If objected to, the defendant could have amended, and the plaintiff will be held to have waived such affidavits. *Edwards* v. *Boyd Co.*, 136 *Ga.* 733 (72 S. E. 34); *Jackson* v. *Jackson*, 150 *Ga.* 544 (104 S. E. 236).

(*a*) It was within the discretion of the judge to allow the amendments without affidavits as required by § 5640. *Roberson* v. *Weaver*, 145 *Ga.* 626 (89 S. E. 769).

(*b*) The court having allowed the amendments without affidavits, and having subsequently struck them on demurrer going to the merits, the judge will be deemed not to have acted on his discretion as provided in §§ 5640, 5681.

3. The amendments failed to allege grounds for the relief therein prayed.

4. The plaintiff introduced in evidence the deed attached to the petition as exhibit A, on which the action was partly founded. This deed is copied in the statement of facts. It was admissible in evidence over the objection (1) that it was ineffective as a conveyance of title, in that it was not signed by Terrell County nor by any one lawfully authorized to convey title to real estate belonging to the county; (2) that the instrument was not made to the Dispensary Commissioners in its corporate name, but to the individuals therein named. The deed, though informal, sufficiently shows that the individuals were acting officially for the grantor and officially for the grantee, taken in connection with other evidence that the individuals constituted the board of county commissioners whom the act of the legislature creating the dispensary declared should be. ex-officio the Dispensary Commissioners.

5. W. L. Pace testified: "1 was one of the commissioners of roads and revenues of Terrell County, Georgia, on May 2, 1905, and signed this deed, together with the other county commissioners, selling this dispensary lot to the Dispensary Commissioners. The Dispensary Commissioners paid Terrell County $500 for the lot, and had the brick building erected thereon. C. G. Lewis and others paid $1750 to help erect said building. The Dispensary Commissioners paid the balance out of the profits of the dispensary. I don't remember what the balance was, nor what the whole cost was, but am sure the $1750 was not sufficient to pay for the lot and the building erected thereon. This lot belonged to the county, and we thought it was to the interest of the Dispensary Commissioners to buy the lot and build the house. Prior to that time we had for several years been renting a building for the purpose of operating the dispensary." The testimony was objected to as a whole on the ground that it was irrelevant and immaterial, and that the testimony to the effect that Terrell County sold the realty in question to the Dispensary Commissioners and conveyed title thereto was a conclusion of the witness. It was not erroneous to admit the evidence over the objections stated.

6. The plaintiff offered in evidence certified copies of extracts from the

minutes of the Dispensary Commissioners, showing resolution (1) directing payment to the county for the land, (2) and subsequently directing that the land be conveyed to the city and the county. Also certified copy of extracts from the cash-book in the office of the clerk of the City Council of Dawson, showing entry of receipts for rent of the property; also a certified copy of assessment sheets kept by the clerk of council, showing costs of paving assessments levied against said realty; also a certified copy of extract from a ledger in the office of the ordinary, showing a statement of the cost of erecting the dispensary building. It was not erroneous to admit this evidence over the objection that it was irrelevant.

7. The bill of exceptions states that after introduction of evidence the judge "found a verdict" in favor of the plaintiff and entered a judgment against the defendant, to which defendant excepts and assigns error, as being contrary to law and evidence. No brief of evidence is contained in the bill of exceptions or referred to therein. In these circumstances no ruling will be made on the sufficiency of the evidence to support the finding.    *Judgment affirmed.  All the Justices concur.*

No. 7591.  FEBRUARY 28, 1931.

406

*W. H. Gurr,* for plaintiff in error.   *R. R. Jones,* contra.