22183.   HICKS *v.* SADLER *et al.*

DECIDED OCTOBER 14, 1932.

*Durwood T. Pye,* for plaintiff.   *Eldon Haldane,* for defendants.

SUTTON, J.   Hicks obtained a judgment for $25 against the defendants in a suit in the municipal court of Atlanta for an attorney's fee.  ·He moved for a new trial, which was granted him. Upon a second trial the defendants obtained a verdict and judgment in their favor.  Hicks again moved for a new trial.  On the date set for a hearing on this motion, the movant and his counsel did not appear to prosecute the same, and the court dismissed the motion, for want of prosecution.  Thereafter the movant moved to reinstate the motion for new trial, upon the ground that he had a good motion and that he and his counsel inadvertently overlooked the date set for the hearing.  The trial judge issued a rule nisi calling on the defendants to show cause why the motion to reinstate should not be granted.  To this motion the defendants demurred on the ground that it did not show any reason in law why the motion for a new trial should be reinstated.  The court overruled this demurrer and reinstated the motion.  The trial judge then granted a second new trial in the case, and from this judgment the defendants appealed to the appellate division of the municipal court.  In their appeal they assigned error on the judgment of the trial judge overruling their demurrer to the motion to reinstate the motion for

new trial. The appellate division of said court affirmed the judgment of the trial judge, and the defendants filed their petition to the superior court for certiorari, and in the petition assigned error on the judgment of the appellate division affirming the judgment of the trial judge, and adopted and renewed all the assignments of error set forth in their appeal to the appellate division, attaching them as an exhibit to the petition for certiorari. The judge of the superior court sustained the certiorari, holding that the court below erred in granting a second new trial. To this judgment the plaintiff excepts. *Held:*

1. It was proper for the court to dismiss the motion for new trial upon the failure of movant to appear and prosecute the same upon the date set for the hearing thereof, there being no continuance thereof. *Union Brothers &c. Society* v. *Mullino,* 18 *Ga. App.* 774 (90 S. E. 653) ; *Mauldin* v. *State,* 8 *Ga. App.* 218 (68 S. E. 864) ; *Smith* v. *State,* 22 *Ga. App.* 616 (97 S. E. 96).

2. Under the facts of this case, it appears that the grounds of the motion to reinstate the motion for a new trial were not good, and it was error for the trial judge to reinstate the motion. *Monroe* v. *Lippman,* 115 *Ga.* 164 (41 S. E. 717).

3. Moreover, the court was without jurisdiction, on a later day than the one assigned for hearing the motion for new trial, to reinstate the motion, after it had been dismissed for failure of the movant to appear on the day set for the hearing and prosecute the same, and the judgment overruling the demurrer of the defendants and reinstating the motion for new trial was erroneous. *Hinson* v. *Tanner,* 147 *Ga.* 804 (95 S. E. 687) ; *Sheffield* v. *Sheffield,* 148 *Ga.* 466 (97 S. E. 76) ; *Union Banking Co.* v. *Weaver,* 148 *Ga.* 684 (97 S. E. 855).

4. It follows that the appellate division of the municipal court of Atlanta erred in affirming the judgment of the trial judge reinstating the motion for new trial and his judgment granting a new trial; and the judgment of the judge of the superior court granting and sustaining the certiorari was correct.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*