## 23576. WARREN v. COLVIN et al.

BROYLES, C. J. Where it is sought to bring to this court the evidence introduced upon a trial, without incorporating the evidence in the bill of exceptions, and the bill of exceptions recites that a number of witnesses "testified in behalf of the plaintiff in error, as is shown by a brief of

the evidence as approved by the court and made a part of the record," and further that the plaintiff in error tenders her bill of exceptions within thirty days from the date of the judgment complained of, and specifies "a brief of the evidence as approved by the court" as a part of the record to be transmitted to this court, the brief of evidence *thus specified* is the brief of evidence, *which is identified by the bill of exceptions as having been approved at the time it was tendered to the judge;* and where it appears that the bill of exceptions was not certified by the judge until after the expiration of the thirty days, though it was tendered within that period of time, a brief of evidence approved *after the expiration of the thirty days* can not be recognized by this court as the brief of evidence *specified in the bill of exceptions;* and, the brief of evidence so specified not having been transmitted as a part of the record, and it appearing from the certificate of the judge that no such brief of evidence exists, there is before this court no evidence upon which the judgment granting a nonsuit, can be reviewed. *Days* v. *Atlanta & Charlotte Air-Line Ry. Co.,* 101 *Ga.* 785 (29 S. E. 21).

*Writ of error dismissed. MacIntyre and Guerry, JJ., concur.*

Guerry, J., concurring specially. It does not affirmatively appear that the brief of evidence in this case, which was specified in the bill of exceptions was *tendered* to the judge and filed in office at the time of the tendering of the bill of exceptions; and under the rule laid down in the case of *Days* v. *Atlanta &c. Ry. Co.,* 101 *Ga.* 785 (supra), a brief of evidence presented after the time for tendering a bill of exceptions will not be considered by a reviewing court. A nonsuit was granted May 30th; on June 27th following the bill of exceptions was tendered and there was specified therein as material to a clear understanding of the errors complained of "a brief of the evidence as approved by the court in said case." This bill of exceptions was held by the judge until August 22, at which time it was certified and this note attached to the certificate: "I further certify that at the time this bill of exceptions was tendered, there was no brief of evidence approved or allowed and same was not approved until several days thereafter," to wit, July 15. If the brief of evidence had been tendered with the bill of exceptions, the mere failure of the judge to approve such brief, when the bill of exceptions itself is held until a later date, will not subject the bill to dismissal in this court where the delay is not occasioned by the movant. A brief not tendered is a brief not made, and one made after the expiration of the time for tendering the bill of exceptions subjects the case to a dismissal in this court.

Decided April 6, 1934.

*Vara A. Majette, Ralph L. Dawson,* for plaintiff.
*Bryan, Middlebrooks & Carter, Gibbs & Symmes,* for defendants.