WELLS *et al.* v. TAYLOR *et al.; et vice versa.*

746

Nos. 11967, 11968.   October 7, 1937.

*Bynum & Frankum* and *Sam Kimzey,* for plaintiff.
*Hamilton Kimzey* and *Herbert B. Kimzey,* for defendant.

748

BELL, Justice. Under the facts shown in the preceding statement, the order reinstating the motion for new trial was erroneous. The court had dismissed the motion for new trial on May 8, 1937, at a time and place regularly assigned for hearing, and the judge was without jurisdiction on a later day and in vacation to reinstate the motion. *Phœnix Bank* v. *Shirling,* 146 *Ga.* 163 (91 S. E. 23) ; *Hinson* v. *Tanner,* 147 *Ga.* 804 (95 S. E. 687) ; *Sheffield* v. *Sheffield,* 148 *Ga.* 466 (97 S. E. 76) ; *Union Banking Co.* v. *Weaver,* 148 *Ga.* 684 (97 S. E. 855) ; *Blakely Hardwood Lumber Co.* v. *Reynolds Co.,* 173 *Ga.* 602 (2), 608 (160 S. E. 775) ; *Cahoon* v. *Wills,* 179 *Ga.* 195 (175 S. E. 563) ; *Hicks* v. *Sadler,* 45 *Ga.*

*App.* 835 (166 S. E. 223). Since the order reinstating the motion was void for want of jurisdiction, it is immaterial that the reason given in the order of dismissal was based upon error or misapprehension. *Arnold* v. *Kendrick*, 50 *Ga.* 293 (2). Therefore the judgment must be reversed on the cross-bill of exceptions; and since this ruling will dispose of the entire case, no decision will be made on the main bill. Nor is it necessary to pass upon the request for a diminution of the record, relating solely to the main bill. The present case differs on its facts from *Berrien County Bank* v. *Alexander*, 154 *Ga.* 775 (115 S. E. 648.), and *Luke* v. *Luke*, 158 *Ga.* 103 (3) (123 S. E. 716), where the orders vacating or modifying previous judgments were passed in term, and during the same terms respectively at which such judgments were rendered. Under the applicable decisions, this court can not do otherwise than to sustain the assignments of error as made in the cross-bill and dismiss the main bill of exceptions. See also *Robertson* v. *Robertson*, 176 *Ga.* 602 (168 S. E. 570).

*Judgment reversed on the cross-bill of exceptions. Main bill of exceptions dismissed. All the Justices concur.*

RUSSELL, Chief Justice, and JENKINS, Justice, concurring specially. We concur in the judgment, because we believe the plaintiffs in the main bill of exceptions, who were movants in the motion for new trial, still have an adequate remedy.