## 28204.  SMITH *v.* THE STATE.

GUERRY, J.  1. Superior courts of this State have concurrent jurisdiction with all inferior courts of misdemeanors, as defined in the Code, § 24-2615. "The superior courts have ever in our history been the great reservoir of judicial power—the *aula regis*, as it were—in which the judicial powers of the State were vested, and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform to retain in this tribunal concurrent, and generally, even supervisory power over them." *Porter* v. *State*, 53 *Ga.* 236, 239; *Shute* v. *State*, 36 *Ga.* 87; *Anthony* v. *State*, 9 *Ga.* 264; *Bell* v. *State*, 41 *Ga.* 589.

2. Ga. L. Ex. Sess. 1937-38, pp. 558-562, did not take from the superior courts jurisdiction to try misdemeanor violations of traffic laws, and vest such jurisdiction in courts of ordinary or municipal courts, as the case might be, exclusively as against the superior courts; and a defendant has no right to demand that an indictment returned by a grand jury be abated because he has not first been tried in a court of ordinary.

3. An approved brief of evidence is an indispensable prerequisite in passing on a motion for new trial. It does not appear from the record or the bill of exceptions that any brief of the evidence was ever filed in this case. *Chastain* v. *Smith*, 47 *Ga.* 473; *Paul* v. *Smith*, 1 *Ga. App.* 640 (57 S. E. 1034). This court can not pass on assignments of error in respect to the admission or rejection of evidence, where there is no approved brief of evidence.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 10, 1940.  REHEARING DENIED JUNE 29, 1940.

734

*Randall Evans Jr., Jack D. Evans, James R. Evans,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

ON MOTION FOR REHEARING.

GARDNER, J. A request is made that this court should send down to the trial court and request that, if a brief of evidence was filed there in this case, it be sent here for our consideration. If it had appeared either from the record or the bill of exceptions that such a brief had been filed in the trial court, this court, on its own motion, would have directed that it be sent up as a part of the record necessary for a determination of the points involved. In the case of *Thompson* v. *Simmons,* 139 *Ga.* 845 (78 S. E. 419), cited by counsel, it appears from an examination of the original record that it was affirmatively shown that such brief of evidence had been filed and approved in the trial court. This distinction in the *Thompson* case is clearly pointed out in the case of *Bell* v. *State,* 19 *Ga. App.* 41 (2) (90 S. E. 733), also cited by counsel for movant. A further citation of authorities on this point is as follows: *Morrison* v. *Dodge,* 94 *Ga.* 730 (20 S. E. 422); *Robinson* v. *Veal,* 65 *Ga.* 592 (2); *Price* v. *Price,* 122 *Ga.* 321 (50 S. E. 91); *Stansell* v. *Merchants & Farmers Bank,* 123 *Ga.* 278 (51 S. E. 321); *Hawkins* v. *Tanner,* 129 *Ga.* 497 (59 S. E. 225); *Terrell County* v. *Dawson,* 172 *Ga.* 403 (7) (158 S. E. 47); *Shaine* v. *Block,* 28 *Ga. App.* 329 (111 S. E. 79); *Warren* v. *Colvin,* 49 *Ga. App.* 91 (174 S. E. 257); *General Tire & Rubber Co.* v. *Brown Tire Co.,* 46 *Ga. App.* 548 (3) (168 S. E. 75). The first intimation that this court had that there was a brief of evidence filed in this case was in the motion for rehearing. We may say also that a consideration of the complaints in the motion for new trial shows no ground for a reversal of the case.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*