### 35298. JAMES *v.* HILL.

CARLISLE, J. 1. Where, in a summary dispossessory proceeding, the trial court directs a verdict that the plaintiff have possession and $150 as rent, and the defendant sued out a writ of error to this court complaining of that judgment, the proceedings are not rendered moot by the defendant's subsequent vacation of the premises. The question of his liability for the rent is still to be passed on. *Radcliffe* v. *Jones,* 46 *Ga. App.* 33 (166 S. E. 450). The motion to dismiss the writ of error based on such ground is denied.

2. That the plaintiff acknowledged service of the bill of exceptions five days prior to its certification by the trial judge, is no ground for dismissing the bill of exceptions for want of service, where the absence of the certification of the trial court is not specifically pointed out in the acknowledgment of service. *Bush* v. *Smith,* 77 *Ga. App.* 329 (48 S. E. 2d 582), and citations. The motion to dismiss based on such ground is denied.

3. That the trial court certified the bill of exceptions three days before the clerk of the court attested and approved the supersedeas bond and payment of costs, constitutes no ground for dismissing the writ of error. Code § 6-1002; *Taylor* v. *American Clay Co.,* 3 *Ga. App.* 295 (59 S. E. 829). The motion to dismiss the writ of error based on such ground is denied.

4. The defendant in his counter-affidavit as amended denied that he was a tenant at will or at sufferance of the plaintiff, in that he held possession of the property under a lease which would not expire until August 1955. He also denied that he had failed and refused to pay the rent, in that he had made proper and timely tender of the rent to his lessor as it became due, and he was not advised that the lessor had sold the property to the plaintiff. These issues should have been tried by a jury in the superior court to which the warrant was made returnable (Code § 61-304), and it was error requiring the grant of a new trial for the trial court, without hearing any evidence, as is averred in the bill of exceptions, to direct a verdict in favor of the plaintiff for possession and $150 rent.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*
DECIDED OCTOBER 1, 1954.

*James E. Jones*, for plaintiff in error.
*Benjamin H. Hill*, contra.