## 38086.   KING *v.* SKINNER.

TOWNSEND, Judge.   1.   "Where counsel shall acknowledge service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Code § 6-912. "That the plaintiff acknowledged service of the bill of exceptions five days prior to its certification by the trial judge, is no ground for dismissing the bill of exceptions for want of service, where the absence of the certification of the trial court is not specifically pointed out in the acknowledgment of service." *James* v. *Hill,* 90 *Ga. App.* 734 (2) (84 S. E. 2d 92). The acknowledgment of service in the bill of exceptions here comes immediately after the certificate of the trial judge, is dated on the same day, and reads as follows:   "Service is hereby acknowledged of the within and foregoing bill of exceptions, copy received and all other and further service and notice is hereby waived." The contention of the defendant in error that the record fails to show any legal service or acknowledgment of service of the bill of exceptions is accordingly without merit.

2. Error is assigned in the bill of exceptions on the order of the trial judge dismissing the motion for new trial in the following language:   "The within and foregoing matter coming on for hearing on the motion for new trial as amended and upon motion of the defendant to dismiss said motion for new trial as amended because of failure of plaintiff to comply with Rule 8 [of the Civil Court of Fulton County] in not serving defendant with notice of the filing of the brief of evidence for final approval and after argument of counsel for both parties, it is hereby ordered, decreed and adjudged that the motion of the defendant be and the same is hereby granted, and said motion for new trial as amended is hereby dismissed."   Rule 8 of the rules of the Civil Court of Fulton County is not otherwise referred to in the record, except for the following recitation in the bill of exceptions:   "A motion was made by the attorney for defendant in error to dismiss said motion for a new trial for the reason that plaintiff

in error had not complied with Rule 8 of this court in that no brief of evidence had been presented to the court after two days' notice to defendant in error and that said two days' notice had not been given to defendant in error." In *Roberts* v. *Kuhrt,* 119 *Ga.* 704 (1) (46 S. E. 856) it was held: "Generally speaking, the construction placed upon its own rules by a court of original jurisdiction is conclusive; and only in cases where it is clear that the construction given is wrong, and that injustice has been done, will the discretion of the judge of such a court construing its rules be interfered with by a reviewing court." It is presumed that the trial court has done his duty, and the burden is upon one complaining of a judgment of such court to show error and injury. Since the wording of Rule 8 of the Civil Court of Fulton County requires that two days' notice be given the defendant in error of the filing of a brief of evidence for final approval, it appears from the record that this plaintiff in error failed to meet the legal requirement by failing to give such notice. Since the plaintiff in error fails to set out anywhere in this record the substance of Rule 8 other than as above indicated, the record shows no error on the part of the trial court in applying Rule 8 in such manner as to dismiss the motion for a new trial. Whether our ruling would be the same if Rule 8 were set out verbatim in this record cannot here be decided. "In the absence of a valid statute to the contrary, courts do not take judicial notice of the rules of practice in other courts of equal or inferior authority." 31 C.J.S. 616, Evidence, § 49.

3. Code (Ann.) § 24-3364 provides in part: "Before presenting a brief of the testimony to the court for approval, the attorney whose duty it is to prepare it shall give written notice to the opposite party or his attorney of record of his intention to present the brief of the testimony to the trial court for approval at a certain time and place. No such brief of the testimony shall be approved by the trial court unless the opposite party or his attorney of record shall have been given such written notice or shall, in writing, have waived such notice." This statute applies to all courts of this State. Ga. L. 1946, pp. 726, 744 (Code § 24-106), provides as follows: "The rules of the respective courts, legally adopted and not in conflict with the Constitution of the United States or of this State, or the laws thereof, are binding and must be observed." Rule 8 appears to deal with the same subject matter as

Code (Ann.) § 24-3364, and the latter has been considered in this case merely for the purpose of deciding whether the record here shows such divergence between the two as to nullify the local court rule. While no final decision can be made for the reason that Rule 8 is not included in this record, it can be stated that the subject matter of Rule 8 insofar as it appears here shows no such conflict with Code (Ann.) § 24-3364 as to preclude its consideration as a local court rule, the construction of which is within the discretion of the trial judge. It appears that both under Code (Ann.) § 24-3364 and under Rule 8 of the rules of the Civil Court of Fulton County, a trial judge cannot approve the brief of evidence unless the opposite party has either received or waived notice of the intention of the movant to present such brief of evidence to the trial judge for approval. The purpose of Code (Ann.) § 24-3364 is, as stated in *Campbell* v. *Allen*, 208 *Ga.* 274 (1) (66 S. E. 2d 226) to remedy an existing evil by allowing opposing counsel an opportunity to voice objections to the contents of such brief if in his opinion it is erroneous or inadequate. In that case error in approving the brief after failure to give such notice was held harmless where the opposing counsel were in fact present and admitted that the brief of evidence as approved was correct, and this was held a waiver resulting from conduct. No such waiver by conduct appears here. It appears from the record that the trial was held and judgment entered on October 1, 1959, that a motion for a new trial was filed on October 6, 1959, and set for hearing on November 10, 1959. The motion to dismiss the motion for a new trial was made and granted on November 10, presumably at the hearing on the motion for a new trial which had been previously set. Since no notice of presentation of the brief of evidence (which was filed November 4, 1959) had been given there was, on November 10, 1959, no legally approved brief of evidence. A motion for a new trial may properly be dismissed by the trial court where there is no approved brief of evidence in cases such as this where a brief of evidence is necessary to a decision upon the grounds of the motion. "An approved brief of evidence is an indispensable prerequisite in passing on a motion for new trial." *Smith* v. *State*, 62 *Ga. App.* 733 (3) (9 S. E. 2d 714). See also *Whitner* v. *Whitner*, 207 *Ga.* 97 (60 S. E. 2d 464).

It accordingly appears from the record that at the time the

plaintiff's motion for new trial came on regularly to be heard there was no legally approved brief of evidence, and that a motion to dismiss the motion for new trial was made on that ground. We have no question presented as to what the proper procedure would have been had the plaintiff requested a continuance for the purpose of giving notice, or obtained from the defendant a stipulation that the brief of evidence was in fact complete and correct. No attempt to do these things was made. It follows that the motion for new trial, which was such a motion as required a brief of evidence for its consideration, was legally insufficient in that it could not be considered without having appended thereto an approved brief of evidence, and no brief of evidence could be legally approved until after notice or waiver by the adverse party, and this notice and waiver were lacking. Accordingly, the trial court did not err in dismissing the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 25, 1960.

*C. M. Seward,* for plaintiff in error.
*Barrett & Hayes, Mose S. Hayes, Ellis B. Barrett,* contra.